

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. R. Wright
Superintendent, Texas School for the Deaf
Austin, Texas

Dear Mr. Wright:

Opinion No. O-2607
Re: Whether an eye, ear, nose
and throat specialist in
one of the State eleemosy-
nary institutions may hold
the same position in another
State institution?

You submit for a legal opinion the following question:

"In the appropriation bill the Legislature
sets up a certain salary for part-time physician
to serve in eleemosynary institutions. Somewhere
in the constitution there is a question whether
or not an individual can draw two pay checks
from the State in one month or rather hold two
positions at the same time.

"Could a man who is eye, ear, nose and
throat specialist in one of the other eleemosy-
nary institutions hold that position and also
hold a similar place in this school?

"Keep in mind this is a part-time job. I
would appreciate an immediate reply on this in
as much as I must submit my list of employees
for 1940-41 to the State Board of Control in a
few days."

Section 33 of Article XVI of the State Constitu-
tion provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. R. Wright, Page 2

"The accounting officers of this State
shall neither draw nor pay a warrant upon
the Treasury in favor of any person, for sal-
ary or compensation as agent, officer or ap-
pointee, who holds at the same time any other
office or position of honor, trust or profit,
under this State or the United States, except
as prescribed in this Constitution."

There are certain exceptions provided, which,
however, are not material to the question under consider-
ation.

In construing any constitutional provisions, the
interpretation to be placed upon the language used is in-
fluenced by observing the object sought to be accomplished
and the evils sought to be alleviated or prevented. When
this general purpose is ascertained, the language used is
to be liberally construed to the end that the object sought
may be effectuated. It thus behooves us to discover the
general purpose or policy sought to be embodied in Article
16, Section 33.

It is clear that this section does not seek to
prohibit the serving of the State by one individual in more
than one capacity. The provision addresses itself only to
the matter of compensation. Thus, a man may hold two of-
fices, or an office and a position of honor and trust under
the State, if no compensation attaches to either place. But
if he holds an office, or is an agent or appointee, and to
such place compensation attaches, he may not be paid for
services rendered in that capacity during the period of time
that he holds another position of honor or trust under the
State or the United States. From this general statement as
to what the section does and does not prohibit, we gather
the general policy embodied therein. This policy seems ob-
viously to be that no person should receive compensation
from the State for services to be rendered it, when during
the time such compensation is to be earned such person, by
accepting and holding another position under the State or
the United States, has obligated himself to render services
in connection with the latter position, so that he may not
render full value in the first capacity for the compensation
which the State has agreed to pay. So construed, we find
that the Section is but one of the many in the Constitution
seeking to place every conceivable safeguard about the ex-
penditure of State monies. So construed, this Section seeks

to avoid even the possibility that the State may not receive a full quid pro quo for expenditures by way of compensation for services to be rendered in one capacity, by reason of the person serving in that capacity placing himself in such a position that he may be tempted to neglect the duties of the one place for the responsibilities of the other.

Analyzed, Article 16, Section 33, provides that:

An (a) officer, (b) agent, or (c) appointee for salary or compensation is not entitled to receive payment from the accounting officers of the State of such compensation if, during the same time that he holds the place to which such salary or compensation attaches, he also holds any other office or positions of (a) honor, (b) trust, or (c) profit.

An "officer" is one to whom there has been delegated from the sovereign functions of government, to be exercised by him for the benefit of the public. It is created by law and embodies the idea of continuing duties, rather than transitory or temporary authority. 34 Tex. Jur. pp 325-326.

Though every officer is an agent of the State, every agent of the State is not necessarily an officer. An office embraces the idea of tenure--an agency may exist in respect to a single isolated transaction. So, too, an agent is more than a mere employee or servant. He serves the State in a representative capacity; a mere employee or servant is not clothed with any representative character. Turner v. Cross, 18 S. W. 578-579, 83 Tex. 218.

We think it is clear that the physician to which you refer is not to serve the State as an officer or an agent. The more difficult problem is whether or not he is an "appointee" within the meaning of Article 16, Section 33, of the Constitution. This brings us to a determination of the interpretation to be placed upon the term "appointee", as used in this section of the Constitution. As the word is frequently used, an "appointee" is one who has been named to or selected for public office, not by election of the people, but by designation at the hands of a person or persons in whom such authority is vested by the law. On the other hand, the broader meaning of the term is simply "a person designated". Websters New International Dictionary, 2nd Edition. The noun is derived from the verb "appoint", and the

verb has been held to be synonymous, in certain context with "employ" and "hire". Morris v. Parks, (Ore.) 28 P. (2d) 215, 216; State ex rel Coffing vs. Abolt, (Ind.) 29 N.E. 131, 133; State ex rel Pickett vs. Trueman, (Mo.) 64 S. W. (2d) 105, 107.

If we attribute to the term "appointee", the first meaning above stated, we render it but a senseless repetition of the term "officer", for the term "officer" embraces not only those official representatives who are elected, but also those who are appointed. We therefore construe it as having been used as a synonym for the term "employee".

We are of the opinion that when the latter portion of Article 16, Section 33, speaks of any other office or position of honor, trust, or profit, the words "position of honor, trust, or profit" are used as descriptive of the general character of the places previously referred to as those of "officer, agent, or appointee."

Considering the broad general purpose intended to be served by this section of the Constitution, we are of the opinion that the construction of the term "appointee" as meaning and embracing "employee" is required. The reasons prompting the adoption of the policy are just as compelling, and the evil to be averted the same in the case of the employee of the State who contracts to render service for salary or compensation, as in the case of the officer or agent.

You are therefore advised that if a physician employed part time by one institution of the state accepts and holds a similar place in another institution at the same time, he can not receive a salary or compensation for either position during the period of time that both are held.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 6, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

BY *R W Fairchild*

Richard W. Fairchild
Assistant

RWF:ew

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE