### DERUS JANUARY v. THE STATE.

*No. 1419.    Decided December 2nd, 1896.*

**1.    Disqualification of a Judge—Judgment.**

Where a judge is disqualified from trying the case, a judgment rendered by him
in the case is a nullity.

**2.    Same—Relationship to Injured Party.**

By provision of Art 606. Code Crim. Proc., a judge is prohibited from sitting in
any case where the injured party may be connected with him by consanguinity, or
affinity within the third degree.    Held: That, where the defendant was prosecuted
for malicious mischief, viz: with wilfully killing a hog to injure the owner; the
County Judge, who was a brother of the injured party, the owner of the hog, was
disqualified from sitting in and trying the case.    Distinguishing, the case of Davis
v. State. 44 Texas, 523.

**3.    Same—"Injured Party."**

The term, "injured party," as used in the statute, means the party who is injured,
either in his person or his property.

APPEAL from the County Court of Van Zandt.    Tried below before
Hon. R. B. WHITTON, County Judge.

Appeal from a conviction for malicious mischief, in killing a hog with
intent to injure the owner; penalty, a fine of $10.

Defendant filed a special plea, setting up the disqualification of the
Hon. R. B. Whitton,- to sit upon the hearing of said case, because the
said County Judge was a brother of the alleged injury party, W. E.
Whitton, who was the owner of the hog charged to have been killed.
The County Attorney filed a demurrer to this special plea; presumably
this demurrer was sustained and the special plea stricken out.

No further statement necessary.

*Kearby & Greer*, for appellant.—The Revised Civil Statutes of the
State of Texas, Article 1129, provides that no judge of the County

Court shall sit in any case wherein he may be interested, or where he shall have been of counsel or where either of the parties may be connected with him by affinity or consanguinity within the third degree.

Art. 606, of the Code of Crim. Proc., Rev. Stat. of Texas, provides that no judge or Justice of the Peace shall sit in any case where he may be the party injured; or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree.

We are aware of the fact that in the case of Davis v. State, 44 Texas, 523, that the court held, in a prosecution for theft, the fact that the judge was the person from whom the property was alleged to have been stolen does not disqualify him, and while that case does not come technically within the rule prescribed by the statute above quoted, we must say we entertain most serious doubts as to the soundness of this proposition. It seems to be the policy of our law that the judge, as well as the jury trying the defendant, should be wholly disinterested, and free from any influence that would probably result in denying to the defendant a fair and impartial trial. In the case of Reed v. State, 11 Tex. Crim. App., 587, R. and S. were jointly indicted for murder; S. was related to the judge within the third degree of consanguinity. S. was not arrested, and when R.'s case came before the court for trial, he disqualified himself from trying R., on account of his relationship to S. This court held that as S. was not before the court and not arrested, that the judge was not disqualified to try R., but if R. and S. had been upon trial jointly the judge would have been disqualified.

We are unable to find any decision of our court where the precise question here raised has been adjudicated, but we submit that a fair construction of Article 606 above cited, bears out our contention of the disqualification of the judge to try this case. Said article says: "Where the accused or the party injured may be connected, etc." The record shows affirmatively and it is admitted by the demurrer filed to our plea and sustained by the court that the judge was the brother of W. E. Whitton, and the information charges that the property killed belonged to W. E. Whitton, and it charges that it was done "with the intent to injure the said W. E. Whitton." If this had been a charge of aggravated assault and battery, and the defendant was charged with having committed that assault upon W. E. Whitton, the judge would have been unquestionably disqualified, because he was the injured party. Now, an injury may be inflicted or committed under our statute, Article 679, to the owner of personal property by wilfully killing the same, and the injury in law is the same as if committed upon the person. The law pre-supposes that the defendant intended an injury to the owner of the animal injured, and provides that the intent to injure may be presumed from the act of killing. It, therefore, occurs to us that upon the face of the information that the charge of killing the animal with the specific intent to injure the owner, and the fact that the judge is the brother of the owner is all that is necessary under our statute to show

the disqualification of the trial judge. It would not one moment be contended that if R. B. Whitton, instead of being judge, had been upon the jury to try this case, that he would be a qualified juror. As judge he has all the responsibility of a juror and in addition thereto the powers of a judge.

Let us suppose that this case had been submitted to the court and that a jury had been waived; then the court would be both judge and jury, and his province would be to pass upon the weight and the credibility of the witnesses, and suppose, as in this case, every material witness for the State was a brother and half brother of the judge, and suppose that there were as many credible witnesses for the defendant, and that the testimony of the State's witnesses and the defendant's witnesses should be in direct conflict upon material issues, could this court say that the result of such a trial would in all human probabilities result in a fair one for the defendant? Human instincts will have to be changed; the frailty of man cease to exist; the man or judge to partake of the divine nature, we submit, before he can trust himself or the law will trust him to sit in judgment with absolute fairness and impartiality when his kith and kin, blood and flesh, are arrayed against strangers. To say the least of it, the records in this case will disclose the fact that the honorable judge who tried this case had not reached that state of perfection at the time of this trial. In this connection, we would call the court's attention to the various qualifications made by the judge to the bills of exception made by defendant, which evidence a desire upon the part of the court as far as he has the power to destroy the effect of the various bills of exception reserved to his rulings.

Again, we submit, that under Art. 1129, Rev. Stat. of Texas, the trial judge in this case would not have been permitted under that statute to have tried the rights of property between this defendant and W. E. Whitton, and if such is the policy of the law to throw such safeguards around the interests of parties over the value of this hog, how much more important is it to this defendant, who has been convicted and a fine of ten dollars entered against him, and mulched in the bill of costs amounting to about three hundred dollars, that he should have an equally fair, impartial, and disinterested tribunal before which to try his case.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of malicious mischief, in killing a hog with intent to injure the owner thereof. The information charges that the appellant did wantonly wound and kill one hog, the corporeal personal property of W. E. Whitton, with the intent of said Derus January then and there to injure the owner of the said hog. Counsel for appellant, when the case was called for trial, interposed an objection to the qualification of Hon. R. B. Whitton, County Judge, to try this case. This objection was in writing, and alleges that W. E. Whitton (the owner of the hog) and the Hon. R. B. Whitton,

County Judge, are brothers. Counsel proposed to prove the fact that they were brothers. The County Attorney, W. W. Berzette, demurred to the plea suggesting the relationship between the County Judge and the owner of the property, upon the ground that it suggested no grounds of disqualification as to the trial judge. Counsel for appellant, in briefing this case, did so upon the hypothesis that the demurrer to the plea was sustained by the court below, and assigns for error the judgment of the court overruling his plea. The record fails to show that the plea was ever called to the attention of the court in any manner. It may have been, and the demurrer thereto sustained, but the record is silent in regard to this matter. The record, however, shows beyond any sort of doubt that the County Judge, the Hon. R. B. Whitton, who tried this case, was the brother of W. E. Whitton, the owner of the hog which was shot and killed. If the shooting and killing of the hog, the property of W. E. Whitton, was such an injury to him as is contemplated by Art. 606, Code Crim. Proc., 1895, then R. B. Whitton, the County Judge, had no jurisdiction to try the case; and, if the record shows this fact, it is immaterial whether the plea setting up the disqualification of the County Judge was called to the attention of the court, or acted upon. As was said in Chambers v. Hodges, 23 Texas, 112: "Even though the parties agree to waive any objection to the disqualification of the judge, yet the judgment is a nullity, and the case stands precisely as though no judgment had been rendered." The question, therefore, before us, is whether or not the killing of the hog was such an injury as is contemplated by Art. 606, Code Crim. Proc., 1895. In Davis v. State, 44 Texas, 523, Roberts, Chief Justice, held: "The fact that the presiding judge was the person from whom the property was alleged to be stolen, in an indictment for theft, is not a good ground of disqualification, because he is not thereby shown to be 'interested' in the 'case,' not being a party thereto or liable to any loss or profit therefrom, otherwise than as any other person in the body politic." This decision was rendered in 1876, and the chief justice held that the judge "was not interested in the case." He did not pass upon the question as to whether Davis was injured by the theft. The only question decided was that he was not "interested in the case." In the Davis case, counsel based their objections to the disqualification of the judge upon the provisions of Const., 1869, Art. 5, § 11. Section 11 reads as follows: "No judge shall sit in any case where he may be interested, or where either of the parties may be connected with him by affinity or consanguinity, within such degrees as may be prescribed by law, or where he shall have been of counsel in the case." This section says nothing whatever about "injury." It speaks of the parties to the suit. It prohibits a judge to try a case in which he may be interested, or where he is related by affinity or consanguinity to the parties to the suit, or where he shall have been of counsel in the case. In a State case the prosecutor is not a party to the suit. The judge would not be interested in the case.

But in 1879, long after the Davis decision was rendered, the revisers inserted the following article: "No judge or Justice of the Peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree." Code Crim. Proc., Art. 606. We notice that this article says nothing about being "interested in the case," but refers to the "party injured." If the judge be the party injured, or if he be related by consanguinity or affinity within the third degree to the party injured, he cannot try the case. The Davis case has no bearing upon the question before us. This information charges that the appellant shot a hog; that the hog was the property of W. E. Whitton; that the hog was shot with intent to injure W. E. Whitton. The hog was killed. Was W. E. Whitton the injured party? Evidently he was, unless we construe Art. 606, Code Crim. Proc., 1895, to mean only injuries to the person. We are not authorized to put any such construction upon this article. The article does not say "injury to the person;" it does not say "injury to property;" it does not say "injury to the character." It says the "injured party." It seems to us that, even without the statute, to hold that the judge could sit and try a man in a criminal case for stealing his horse, burning his house, or otherwise destroying his property, would not be proper; and certainly, in the face of the statute on the subject, there can be no question as to this matter. The statute, in our opinion, disqualifies the judge, if he be the injured party, or if he be related by consanguinity or affinity within the third degree to the injured party. The proof shows beyond question that the injured party was the brother of the judge who tried the case, and it was not competent for him to entertain jurisdiction of and try said case. When W. E. Whitton testified, the honorable judge knew that he was his brother; and when the witness swore that he was his brother, this settled the question; and the judge of his own motion should have recused himself to try said case. No jeopardy could have attached, because the court had no jurisdiction of the case. There are a great many other things complained of in the brief of appellant. The record is very lengthy, considering the character of the offense (the shooting of a hog), and we do not deem it necessary to notice all of the matters complained of by appellant. We are not to be understood as sanctioning or disapproving the rulings of the court complained of in appellant's brief. Because the judge was disqualified to try this case, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*

Hurt, Presiding Judge, absent.