## LECIL BARNES v. THE STATE.

### No. 3085.    Decided December 17, 1904.

**Aggravated Assault—Disqualification of Judge.**

Where the evidence showed on a trial for aggravated assault by defendant, for striking his wife, that the county judge who presided at the trial had for the same assault filed a petition for divorce in the district court against defendant on behalf of defendant's wife alleging said assault, abuse and cruel treatment as plaintiff's cause of action, and had sued out an injunction for his client restraining defendant from exercising any control over the property of himself and his wife, who was prosecuting witness in the assault case; the judge having publicly denounced defendant for his conduct. Held that the judge was disqualified in the case, although the two cases were not technically the same.

Appeal from the County Court of Van Zandt. Tried below before Hon. Jno. W. Davidson.

Appeal from a conviction of aggravated assault; penalty, one month confinement in the county jail.

Mrs. Barnes, wife of defendant, testified that on the morning of the

18th of August, 1904, the defendant left her house and went over to a neighbor's house and claimed he was sick; he. went in her buggy and drove her horse. After he had gone over there, she went also; going into the lot where the horse was, caught him and started to lead him out of his lot, when defendant came up and asked her what she was going to do with the horse. She told him that she was going to take him and the buggy to another neighbor that she had sold them to; the defendant told her that she could not have them; she told him she would, and the defendant unsnapped the hitch rein from the horse, cursed her and struck her on the shoulder with his fist, and choked her, telling her that he would see her in Hell before she should have the horse. The horse and buggy were hers and were hers when she married defendant. They were not living together. Defendant and another eye-witness contradicted his wife and testified she struck him over the head with the rein and that he simply attempted to ward off her licks but did not attempt to strike her, but admitted that the prosecutrix was trying to take the horse and buggy and defendant told her not to do so.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—On proposition of disqualification of judge: Koenig v. State, 33 Texas Crim. Rep., 367.

HENDERSON, JUDGE.—Appellant was convicted of aggravated assault, and his punishment assessed at confinement in the county jail for one month; hence this appeal.

It is only necessary to review the question raised by appellant as to the disqualification of the county judge who tried the case. This bill shows that the. alleged offense for which appellant was tried was an assault and battery, charged to have been committed by him on M. Barnes, the wife of appellant, on August 16th, 1904. The complaint and information were filed in the county court against appellant on August 18th; and on the same day prosecuting witness, M. M. Barnes, employed the county judge as her attorney to bring a suit praying for a divorce from defendant; that the honorable county judge did on said day prepare petition for divorce, and afterwards on August 24th, filed the same in the District Court of Van Zandt County, alleging as a cause for divorce that, on August 16th, 1904, the day upon which said separation occurred between his client, M. M. Barnes, and defendant (Lecil Barnes) defendant cursed and abused plaintiff and struck her with his hands and fists and choked her and made serious threats to do her serious bodily harm. It is further shown that this matter alleged as a ground for divorce was the identical subject matter and offense charged against appellant in said complaint and information, and on account of which appellant was being tried before said county judge. It is also shown that, in the divorce suit an injunction was sued out, restraining defendant from exercising any control over the property of himself and prose-

cuting witness. That, in order that the judge trying this case can be successful in perpetuating said injunction and procuring said divorce in said civil proceedings, there must be a conviction had in this prosecution. And among other things, the bill shows that the judge trying said case publicly denounced defendant on account of his action in the assault proceedings as a trifling scamp and ought to be in jail. The court overruled appellant's motion and refused to recuse himself; and appellant reserved his exception. It is not necessary to discuss the last proposition stated in the bill; that is, that the judge denounced appellant as a trifling scamp and ought to be in jail, save as same may serve to shed light upon the proposition that the county judge assuming to try the case, was disqualified on account of interest in the case, and as being of counsel in the divorce proceedings. Our Constitution, section 11, article 5, provides, that "no judge shall sit in any case wherein he may be interested or when either of the parties may be connected with him either by affinity or consanguinity within such a degree as may be prescribed by law, or when he shall have been counsel in the case." This has been followed by appropriate legislation. It may be conceded that the divorce suit was not the same case, technically speaking, as the criminal prosecution—one being in a criminal proceeding in one court, and the other a civil proceeding in another court. However, appellant was a party defendant in both proceedings, his wife being the plaintiff in the civil suit, and the State being the plaintiff in the criminal prosecution; yet in the latter she was the prosecutrix. It cannot be denied that the subject matter in both cases was identically the same. That is, this appellant was prosecuted by the State for the alleged assault on his wife, and this assault was the gravamen of her action against him in the civil court for divorce. Of course, no one will dispute that the county judge who presided in the criminal prosecution was interested in convicting appellant, because that conviction would establish the truth of his grounds for divorce,—not that the record judgment in that case could be used as evidence in the civil suit to prove the truth of the same, but such conviction would prove the truth of the grounds for divorce in the civil suit and would no doubt have its effect in the community. Besides should he be called on to testify in the civil suit, said judgment could be used to discredit him as a witness. While technically speaking the two suits were not the same, yet we believe that the subject matter; that is, the gravamen of the action in the two cases was identical. As was said in Slavin v. Wheeler, 58 Texas, 23, "The object of the provision of our Constitution was to secure to litigants an impartial judge, one who had not previously formed an opinion or reached a conclusion in regard to the subject matter of that particuler case." There it was held that the judge was disqualified from trying a case subsequently filed in his court, when it was shown that he had been consulted some seven or eight years previously, not in regard to a case pending, but in regard to the subject matter of the suit brought years thereafter. So it is evident that the word "case" is given

a liberal construction: the object being to secure a fair and impartial judge to try the case, one whose judgment might be warped by no personal interest in regard to the subject matter. Woody v. State, 5 Texas Ct. Rep., 447; Johnson v. State, 29 Texas Crim. App., 526; January v. State, 36 Texas Crim. Rep., 488. We hold that the county judge was so vitally interested in the subject matter alleged as a ground of prosecution in that criminal case, by his connection and interest in the establishment of the same subject matter set out in the proceedings for divorce, as that, under the liberal intendment of our Constitution and statutes on the subject, he was in fact interested as counsel in the same case, and was consequently disqualified to try the criminal case against appellant. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*