### SAM DEMARCO v. THE STATE.

No. 741. Decided November 2, 1910.

**Murder—Charge of Court—Provoking Difficulty.**

Where, upon trial of murder, the evidence showed that the defendant virtually kept deceased under an unwarranted and illegal arrest, just before and at the time of the homicide, there was no error in the court's charge in submitting the issue of provoking the difficulty in his charge on the law of murder and manslaughter; especially where the defendant was convicted of manslaughter with the minimum punishment.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter and given two years confinement in the penitentiary.

The facts disclose that deceased Jones owed appellant a small sum of money, less than two dollars. On the occasion of the trouble he was passing appellant's place of business, was hailed by appellant and payment demanded. Deceased informed appellant that he was unable to pay, had no money, and as evidence of that fact turned his pockets wrong-side out. There are two theories made by the evidence on this particular point; that by the State is to the effect that appellant got his gun and informed deceased that if he did not pay him he would kill him, and threatened to call in an officer and have him arrested. Appellant's theory contravened this contention of the State, and explained that he got his gun by reason of the acts and conduct of deceased. We deem it unnecessary to go into a statement of these matters as they are not thought to be of importance to the decision of the questions involved. Appellant threatened to call an officer and have deceased arrested. There is evidence to the effect that deceased told him that if he would not have him arrested by an officer there he would go with him to Dallas and be arrested in the city of Dallas. This transaction occurred in what is known as West Dallas. There is also evidence to the effect that appellant, armed with a gun, virtually compelled deceased to accompany him to Dallas. The parties

started in the direction of Dallas, appellant armed with a gun, and later developments showed that deceased had a pocketknife. After going some distance there came up a difficulty between them in which deceased lost his life, and appellant was pretty badly stabbed or cut. Appellant insists that as they were going along the road something was said by deceased to divert his attention, and when this occurred deceased made an assault upon him with a knife, and that in the struggle he took the knife from deceased and cut his throat. In their struggle appellant's gun was discharged, and dropped to the ground, and appellant took the knife from deceased and used it with the fatal result indicated. There was some contradiction of this theory of appellant.

The above statements are made with a view of reviewing the principal question in the case, which is that the court erred in submitting the issue of provoking a difficulty. The thought in the mind of the court in charging on the issue of provoking a difficulty seems to be predicated upon facts indicating an illegal arrest or an illegal detention of deceased by appellant. That the acts of appellant constituted an illegal arrest or detention is not to be gainsaid. He had no right or authority to arrest deceased on account of the money due him, and it was an arrest, even if deceased agreed to go with him to Dallas, and the detention was illegal, from which deceased might free himself, using, however, no more force than was necessary to accomplish that purpose. The facts show an illegal arrest and detention, and an unwarranted and illegal arrest or detention under all the authorities is held to be a great provocation, and from such an arrest the arrested party may use all legitimate means of relieving himself. This placed appellant in the wrong, and if deceased used more force than was necessary to relieve himself from the arrest, and appellant killed under the circumstances, the offense might be manslaughter, and under some circumstances it might be justifiable. The court submitted to the jury a charge in connection with the issue of provoking a difficulty, murder and manslaughter. The jury acquitted of murder, and convicted of manslaughter with the minimum punishment. We are of opinion that the court was not in error in submitting the issue of manslaughter under the circumstances and in connection with provoking the difficulty. His unwarranted act produced the occasion; it was illegal, and if the jury believed those facts, which they did, they were justified in finding the verdict of manslaughter. We hold, therefore, there was no error in submitting the issue upon this theory of the evidence. This is the only question that we deem of importance in the case.

The judgment is affirmed.

*Affirmed.*