**BARNETT v. SUTTON, District Judge, et al.**
**No. 2522.**

Court of Civil Appeals of Texas. El Paso.
Oct. 11, 1930.

Mead & Metcalfe, of Marfa, for relator.

Fuller & Leaverton, of Marfa, for respondents.

PELPHREY, C. J.

Relator, R. Barnett, and respondent E. H. Fowlkes were candidates for the nomination as county judge at the Democratic primary election held in Jeff Davis county, Tex., on the 26th day of July, 1930. The officers of the election certified to the county executive committee that Fowlkes had received 210 votes and Barnett had received 208.

The committee met and canvassed the votes and issued a certificate of nomination to Fowlkes. Within the time prescribed by the statute, Barnett filed with the committee a contest of such election, charging errors, fraud and illegality. The committee held a hearing on the contest and rendered its decision awarding the certificate of nomination to Fowlkes, and Barnett appealed to the district court of Jeff Davis county. The district court not being in session, Barnett filed his application to have the case tried by the court in vacation, which application was by the court overruled. The district judge, at the request of Barnett, then called a special term of the court for September 25, 1930, whereupon Barnett filed his application to have his case set and determined at such special term, which was by the court also overruled. Thereupon Barnett applied to this court for a writ of mandamus to compel the judge of the Eighty-Third district court to proceed to the trial and determination of said cause.

Notices were issued to respondents to appear and show cause why the writ should not issue as prayed for, and the respondents have answered.

Relator's application is based upon the provisions of article 1824, Revised Statutes, which reads: "Said courts, or any judge thereof, in vacation, may issue the writ of mandamus to compel a judge of the district court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

In acting upon this application, we must be governed by the provisions of the above statute, as any action we might take would not be in aid of our jurisdiction, for we have acquired none.

We must therefore decide whether or not the proceeding which we are called upon to compel the district judge to set down and determine is included within the term "cause" as it is used in the statute.

In passing upon the right of the parties to a contested election to have the issues of fact tried by a jury, Mr. Justice Williams of the Supreme Court, in the case of Hammond v. Ashe, District Judge, 103 Tex. 503, 131 S. W. 539, held that the provision of article 5, § 10, of the Constitution, did not apply to contested elections, they not being "causes" as that term was there used.

He further said: "The grant in the Constitution of jurisdiction to hear contests of elections, which is the one which this court recently held to include power to hear contests of primary elections where they are given the characteristics of legal elections and contests of them are provided for by the Legislature (Ashford v. Goodwin [ante 103 Tex. p. 491], 131 S. W. 535 [Ann. Cas. 1913A, 699]), does not convert said contests into 'causes,' as that term is used in the provision of the Constitution referred to, nor make them other than proceedings specially created and controlled by the statutes which allow them."

If such actions are not "causes" under that valuable provision of the Constitution, then how can it be said that they are "causes" under the provision of the statute upon which we must here depend for authority to compel the action requested?

We have concluded that the proceeding which we here petitioned to compel the district judge to try and determine is not a cause as that term is used in article 1824, and we are therefore without authority to issue the writ of mandamus as prayed for.

The relator's application is therefore dismissed.