LUTHER PARRISH V. THE STATE.

No. 16941. Delivered October 17, 1934.
Reported in 75 S. W. (2d) 262.

The opinion states the case.

*Denman & Fowler*, of Nacogdoches, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant and Joe Kingsley were jointly indicted by the grand jury of Nacogdoches County at the September Term, 1933, for the offense of theft of an automobile. At said term of said court a motion for severance was made and granted but for some reason, not disclosed by the record, neither the appellant nor his co-indictee were tried. At the March Term, 1934, of said court, the duly elected, qualified,

and acting judge of said court was absent, and the practicing attorneys of Nacogdoches County, in the mode and manner prescribed by law, elected the Hon. H. L. Edwards special judge who qualified by taking the oath prescribed by law. Thereafter, when the case of the State of Texas v. Luther Parrish was called for trial, the appellant filed and presented a written motion to disqualify said special judge in which he made the following allegations, to-wit: "This defendant would represent and show unto the court that he and one Joe Kingsley were jointly indicted at the September Term of this court in 1933 and that the Hon. H. L. Edwards represented the said Joe Kingsley, a co-defendant herein, and he appeared for the said Joe Kingsley at the last term of this court as his attorney of record and is still the attorney of record for said Joe Kingsley and has answered all calls of the docket, etc., in said cause for Joe Kingsley; that the defendant's defense is not guilty; that the said Joe Kingsley stole the automobile in question and got the defendant, as a matter of accommodation to the said Joe Kingsley, to drive said automobile for said Kingsley and while he was driving same he was caught with it; that the said Joe Kingsley contends that he had nothing to do with the stealing of the automobile nor with the employment of the defendant to drive it. Therefore, the interest of said Joe Kingsley and Luther Parrish are adverse in this matter; that it is to the interest of the said Joe Kingsley to have this defendant convicted; that the Hon. H. L. Edwards is attorney of record and attorney of fact for the said Joe Kingsley, which disqualifies him from trying this case." The motion was duly verified and in addition thereto was supported by the testimony of C. C. Denman. After hearing the motion and the testimony, the court overruled same, to which the appellant excepted and brings said question forward by proper bill of exception.

Article 5, sec. 11 of our Constitution, provides as follows: "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity within such a degree as may be prescribed by law, or when he shall have been of counsel in the case." When appellant and Joe Kingsley were jointly indicted and at the time the Hon. H. L. Edwards was employed by Joe Kingsley as his attorney to represent him upon the trial of said cause and up to the time the motion for a severance was granted, there was but one case pending in which both the appellant and Kingsley were defendants. Consequently, the Hon. H. L. Edwards was then and at that time an attorney

in the case. Suppose that after the Hon. H. L. Edwards had qualified as Special Judge, the appellant had filed a motion to set aside the severance theretofore granted by the regular judge of said court, or had requested the severance himself and asked that Joe Kingsley, his co-defendant, be first put on trial, which he had a legal right to do, would any order made thereon by the special judge have been a valid order? We think not. The record also discloses that appellant contended that Joe Kingsley asked him to go to a certain place where he, Kingsley, had worked on a car and drive the same to the junk pile where he, Kingsley, would meet him; that he, the appellant drove the car to the junk pile and after waiting a few minutes Kingsley failed to appear and he then drove the car to town where he was arrested. Appellant contended that he did not know the car was stolen. Kingsley contends that he had nothing to do with the theft of the car. From the position taken by each of the defendants, it is apparent that it was to Kingsley's interest to have appellant convicted because on his trial he, Kingsley, could take the position that appellant, having been convicted of the theft of the automobile, was the guilty party, and in case appellant took the witness stand at the request of the State and testified against Kingsley, he, Kingsley, could use the judgment of conviction for the purpose of discrediting the appellant as a witness. We deem the foregoing statement sufficient to illustrate the correctness of appellant's position as to the judge's disqualification. The courts of this country should be conducted in such a manner that they, like Caesar's wife, are above suspicion and at all times command the greatest respect. The opinion herein expressed seems to find support in the following authorities, to-wit: Barnes v. State, 47 Texas Crim. Rep., 461; Young v. State, 206 S. W., 529.

Having reached the conclusion that the Hon. H. L. Edwards was disqualified from presiding over the trial of the case, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.