**James Clifton LANE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–152–CR.**

Court of Appeals of Texas,
Fort Worth.

May 19, 1982.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and M. Eugene Grant, Jr., Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

This appeal is from conviction of aggravated perjury. V.T.C.A.Penal Code sec. 37.-03.

Upon the jury's verdict of guilty, the court assessed punishment at 3 years imprisonment.

We affirm.

On April 9, 1980, prior to the instant case, and having been charged with theft over $200.00, appellant pled guilty to a lesser charge of theft over $20.00 but less than $200.00.

He received a one year sentence, probated.

In the case at bar, appellant was indicted for having given false testimony at the hearing of his plea in the prior case.

The judge who presided in the prior case also presided at the trial of the aggravated perjury charge.

There is no assertion that the judge acted with bias or prejudice toward appellant in the perjury trial nor do we find any evidence of such conduct in the record.

Appellant complains, however, that (1) the judge should have disqualified himself in the perjury trial, and (2) the evidence was insufficient to sustain conviction.

■ While the record contains no motion to recuse, none is required. The grounds of disqualification are statutory and may not be waived. V.A.C.C.P. art. 30.01; *Lee v. State*, 555 S.W.2d 121 (Tex.Cr.App.1977).

■ Judgment rendered by a disqualified judge is void and of no effect. *Lee, supra.*

This is not the first case in which the offense of aggravated perjury has been tried by the same trial judge before whom the perjury was committed. *Mitchell v. State*, 608 S.W.2d 226 (Tex.Cr.App.1980).

Appellant, however, cites no cases which precisely support his argument that the judge's failure to recuse requires reversal of the conviction.

He cites art. 30.01, as well as the guaranties of due process of law, found in the 5th and 14th amendments of the United States Constitution and Art. I, Section 19 of the Texas Constitution.

Art. 30.01 forbids a judge to sit in any case in which "he may be the party injured."

The question is whether a trial judge who is presiding when perjury is committed thereby becomes an "injured party" within the meaning of art. 30.01.

The only case cited by appellant is *January v. State*, 36 Tex.Cr.R. 488, 38 S.W. 179 (1896), dealing with a disqualification statute that preceded art. 30.01.

The 1896 statute required a judge to recuse from presiding in a criminal trial in which he was *related* to the "injured party" by consanguinity or affinity in the third degree.

The language of the current art. 30.01 which requires recusal when the judge *is* the injured party, was not in the 1896 statute.

The court's opinion in *January*, however, defines "injured party" to be one who is injured as to his *person* or *property.*

■ We conclude that a judge presiding at a trial in which perjury is committed does not thereby become an "injured party" in a sense that disqualifies him from presiding at the subsequent trial of the person accused of the perjury.

Aggravated perjury is a form of the common law crime known as obstruction of the administration of justice. 41 *Tex.Jur.2d*, Obstruction of Justice, sec. 1, p. 679.

When perjury is committed in a judicial proceeding, it is the administration of justice that suffers the offense, not the person or property of the trial judge.

Crime is punished because of its offense against society, not the victim. *Crawley v. State*, 513 S.W.2d 62 (Tex.Cr.App.1974).

The established rules and principles of justice, and the courts through which they are administered, are judicial instrumentalities which exist independently of the judges who preside. *Gonzales v. Laughlin*, 256 S.W.2d 236 (Tex.Civ.App.—San Antonio 1953, no writ).

We find no abuse of the due process of law and hold that the trial judge in this case did not err in failing to recuse.

Appellant's first ground of error is overruled.

■ His second ground challenges the sufficiency of evidence.

To constitute aggravated perjury, false testimony in a judicial proceeding must have been material to the outcome. V.T.C.A.Penal Code, secs. 37.03 and 37.04.

Appellant argues that the State failed to prove that his false testimony was material to the outcome of the prior judicial proceeding, because neither its prosecutor nor judge testified at the perjury trial.

The State's witnesses, however, did include the assistant prosecutor from the prior proceeding.

He testified that if he had known the truth of appellant's testimony in the prior proceeding, he would not have presented appellant's plea on the lesser theft charge to the court, and that the false testimony did affect the outcome of that proceeding, in which appellant received a one year sentence, probated.

The evidence is that in the prior proceeding, appellant testified that he had never

before been convicted of a felony and had never before received a probated felony sentence.

When that testimony was found later to have been false, the instant case was filed on indictment for aggravated perjury.

We hold that the evidence of materiality was sufficient to sustain appellant's conviction. *Livingston v. State*, 531 S.W.2d 821 (Tex.Cr.App.1976).

The second ground of error is overruled.

Judgment is affirmed.