**Edward LYON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 6–87–045–CR.

Court of Appeals of Texas,
Texarkana.

Oct. 18, 1988.

Rehearing Denied Nov. 22, 1988.

Edward Lyon, Jr., Huntsville, for appellant.

John F. Miller, Jr., Dist. Atty., Texarkana, for appellee.

BLEIL, Justice.

Edward Lyon, Jr. was convicted of murder on his guilty plea. Under the terms of a plea bargain, the court imposed a punishment of life imprisonment. Lyon now wishes to appeal his conviction, and raises a number of points in a pro se brief.

The initial question is whether this Court has jurisdiction to entertain the appeal. Our review is subject to Tex.R.App.P. 40(b)(1), which generally provides that a conviction on a plea of guilty within the terms of an agreed plea bargain eliminates the defendant's rights of direct appeal except for pretrial motions and other matters as permitted by the trial court.[1] None of the points raised by Lyon fall within those two categories.

The rule does not restrict the jurisdiction of this Court to consider the trial court's lack of jurisdiction. *Milam v. State*, 742 S.W.2d 810 (Tex.App.—Dallas 1987, no pet.).

Lyon brings one point of error which can be heard by this Court. He contends that the trial judge was disqualified as a matter of law from sitting in this case, thus the trial court lacked jurisdiction over his cause.[2] The issue of disqualification of a trial judge involves the jurisdiction of the trial court to act. *Lee v. State*,

---

1. Tex.R.App.P. 40(b)(1) provides:
   Appeal is perfected in a criminal case by giving timely notice of appeal; ... if the judgment was rendered upon his plea of guilty ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for *a nonjurisdictional defect* or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were

raised by written motion and ruled on before trial. (Emphasis added).

2. Lyon also argues that the relationship between the judge and the prosecuting attorney is a ground for disqualification. The code and Tex. Const. art. V, § 11 provide that a judge shall not sit in a case where a party or the victim are related to him. A district attorney is not a party within the meaning of the statute. *McKnight v. State*, 432 S.W.2d 69 (Tex.Crim.App.1968). Thus, this argument likewise has no merit.

555 S.W.2d 121 (Tex.Crim.App.1977). The grounds of disqualification provided by the statutes are mandatory, not waivable, *Lane v. State*, 634 S.W.2d 65 (Tex.App.–Fort Worth 1982, no pet.), and any judgment rendered by a disqualified judge is void. *Ex parte Vivier*, 699 S.W.2d 862 (Tex.Crim.App.1985).

■ The rules concerning judicial disqualification are set out at Tex.Code Crim. Proc.Ann. art. 30.01 (Vernon 1966). The code provides that:

> No judge … shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree.

Lyon contends that the trial judge, Leon Pesek, Sr., was disqualified because (1) his son, Leon Pesek, Jr., prosecuted the case, and (2) the prosecuting attorney was the victim's brother's brother-in-law. Lyon states in his brief that the prosecutor's sister is married to the brother of the victim. The State does not deny or in any way refute this argument, thus under Tex. R.App.P. 74(f), we accept appellant's statement as correct. We must then determine whether the familial relationship between the trial judge and the victim would disqualify the judge under the statute. Judge Pesek is clearly not related to the victim through consanguinity. The question is whether he is related to the victim within the third degree by affinity. Affinity is defined as:

> [T]he tie which exists between one of the spouses with the kindred of the other: thus, the relations of my wife, her brothers, her sisters, her uncles, are allied to me by affinity, and my brothers, sisters, etc., are allied in the same way to my wife. But my brother and the sister of my wife are not allied by the ties of affinity.

*Washburn v. State*, 167 Tex.Crim. 125, 318 S.W.2d 627, 639 (1958), *cert. denied*, 359 U.S. 965, 79 S.Ct. 876, 3 L.Ed.2d 834 (1959). Thus, a person is related by affinity to persons related to his spouse by consanguinity. In the present case, while the judge's daughter was related by affinity to the victim, her husband's brother, the judge was not. *See generally* Kilgarlin & Bruch, *Disqualification and Recusal of Judges*, 17 St. Mary's L.J. 599, 604–5 (1986).

The remaining points of error raised by Lyon relate to purported errors made by counsel and the trial court in accepting his guilty plea, and are not jurisdictional in nature. Thus, this Court has no jurisdiction to consider these contentions on direct review.

We affirm the judgment of the trial court.

