IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0713-07





CHARLES DAVID WHITEHEAD, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


EASTLAND COUNTY





 Keller, P.J., filed a dissenting opinion in which Keasler, and Hervey, JJ.,
joined.


 Until the jury sentenced him to fifteen years and a $10,000 fine, appellant seemed perfectly
content for Judge Herod to preside over his trial. Appellant has now decided that he wants another
crack at acquittal or a lesser sentence, and the Court gives him one. The Court has "no doubt" that
the trial judge would have recused himself if appellant had filed a motion asking him to do so. (1) Yet
because one was not filed, the Court now overturns the conviction after the parties, the judge, and
the jury have gone through the time and expense of a trial, and after appellant has gotten to weigh
his present sentence against the chance of a better one from a different jury. Although some prior
cases do say that the statutory disqualification of the trial judge can be raised for the first time on
appeal, (2) those cases are inconsistent with the Court's current trend regarding fundamental error. (3) We
should revisit the issue. 

 The rationale of these prior cases is that the trial judge's disqualification renders any
judgment in the proceeding "void" (4) or a "nullity," (5) subject to challenge at any time, (6) even on habeas
corpus. (7) At least part of the articulated rationale for this conclusion was that the judge's lack of
qualification affected the jurisdiction of the court. (8)

 But the validity of these propositions, which underlie the exception to the usual requirement
to object, has eroded with the passage of time. Fifteen years ago, in Marin v. State, our "piecemeal"
fundamental error jurisprudence was replaced by a three-category approach that, in some cases,
changes whether complaints can be brought for the first time on appeal. (9) Then in Davis v. State, we
held that the trial judge's qualification to preside over a case was really a matter of authority rather
than jurisdiction. (10)

 Finally, in Ex parte Richardson, we held that a claim of judicial disqualification - even of
constitutional dimension - could not be brought for the first time on habeas corpus. (11) We said there
that the defendant could have raised his claim of a constitutional disqualification at trial and, if it was
rejected there, complain on appeal. (12) 

 I would abide by Texas Rule of Appellate Procedure 33.1. (13) At least where the alleged
judicial disqualification is based solely on statute - as in this case (14) - the complaint should be
brought to the trial court's attention in a timely fashion before relief can be obtained on appeal. Such
a rule would give the trial judge the opportunity to correct the situation without the wasteful time and
expense of trial and appeal.

Filed: June 25, 2008

Publish
1. See Court's op. at 7.
2. Johnson v. State, 869 S.W.2d 347, 349-50 (Tex. Crim. App. 1994)(probate judge had no
criminal jurisdiction); January v. State, 36 Tex. Crim. 488, 491-92, 38 S.W. 179, 179-80
(1896)(owner of stolen animal was brother of the judge). 
3. They also often reflect a failure to distinguish between statutory and constitutional
disqualification.
4. Johnson, 869 S.W.2d at 350.
5. January, 36 Tex. Crim. at 491, 38 S.W. at 179.
6. Johnson, 869 S.W.2d at 350.
7. Ex parte Vivier, 699 S.W.2d 862, 863 (Tex. Crim. App. 1985)(judge disqualified by
constitution and statute); Ex parte Miller, 696 S.W.2d 908, 910 (Tex. Crim. App. 1985)(same),
overruled by Ex parte Richardson 201 S.W.3d 712 (Tex. Crim. App. 2006).
8. Johnson, 869 S.W.2d at 349-50; Vivier, 699 S.W.2d at 863; January, 36 Tex. Crim. at
491, 38 S.W. at 179.
9. Saldano v. State, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002)(discussing Marin v.
State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)).
10. 956 S.W.2d 555, 557-59 (Tex. Crim. App. 1997). 
11. 201 S.W.3d at 713-14.
12. Id. at 714.
13. Tex. R. App. P. 33.1 provides in part: "As a prerequisite to presenting a complaint for
appellate review, the record must show that . . . the complaint was made to the trial court by a timely
request, objection, or motion that . . . stated the grounds for the ruling that the complaining party
sought from the trial court with sufficient specificity to make the trial court aware of the complaint,
unless the specific grounds were apparent from the context." 
14. See Tex. Const. Art. V, § 11 (no reference to "party injured" language found in Tex.
Code Crim. Proc. 30.01).