

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0713-07

### CHARLES DAVID WHITEHEAD, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE ELEVENTH COURT OF APPEALS EASTLAND COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER, and HERVEY, JJ., joined.**

Until the jury sentenced him to fifteen years and a $10,000 fine, appellant seemed perfectly content for Judge Herod to preside over his trial. Appellant has now decided that he wants another crack at acquittal or a lesser sentence, and the Court gives him one. The Court has "no doubt" that the trial judge would have recused himself if appellant had filed a motion asking him to do so.[1] Yet because one was not filed, the Court now overturns the conviction after the parties, the judge, and the jury have gone through the time and expense of a trial, and after appellant has gotten to weigh his present sentence against the chance of a better one from a different jury. Although some prior

---

[1] *See* Court's op. at 7.

cases do say that the statutory disqualification of the trial judge can be raised for the first time on appeal,[2] those cases are inconsistent with the Court's current trend regarding fundamental error.[3] We should revisit the issue.

The rationale of these prior cases is that the trial judge's disqualification renders any judgment in the proceeding "void"[4] or a "nullity,"[5] subject to challenge at any time,[6] even on habeas corpus.[7] At least part of the articulated rationale for this conclusion was that the judge's lack of qualification affected the jurisdiction of the court.[8]

But the validity of these propositions, which underlie the exception to the usual requirement to object, has eroded with the passage of time. Fifteen years ago, in *Marin v. State*, our "piecemeal" fundamental error jurisprudence was replaced by a three-category approach that, in some cases, changes whether complaints can be brought for the first time on appeal.[9] Then in *Davis v. State*, we

---

[2] *Johnson v. State*, 869 S.W.2d 347, 349-50 (Tex. Crim. App. 1994)(probate judge had no criminal jurisdiction); *January v. State*, 36 Tex. Crim. 488, 491-92, 38 S.W. 179, 179-80 (1896)(owner of stolen animal was brother of the judge).

[3] They also often reflect a failure to distinguish between statutory and constitutional disqualification.

[4] *Johnson*, 869 S.W.2d at 350.

[5] *January*, 36 Tex. Crim. at 491, 38 S.W. at 179.

[6] *Johnson*, 869 S.W.2d at 350.

[7] *Ex parte Vivier*, 699 S.W.2d 862, 863 (Tex. Crim. App. 1985)(judge disqualified by constitution and statute); *Ex parte Miller*, 696 S.W.2d 908, 910 (Tex. Crim. App. 1985)(same), *overruled by Ex parte Richardson* 201 S.W.3d 712 (Tex. Crim. App. 2006).

[8] *Johnson*, 869 S.W.2d at 349-50; *Vivier*, 699 S.W.2d at 863; *January*, 36 Tex. Crim. at 491, 38 S.W. at 179.

[9] *Saldano v. State*, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002)(discussing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)).

held that the trial judge's qualification to preside over a case was really a matter of authority rather than jurisdiction.[10]

Finally, in *Ex parte Richardson*, we held that a claim of judicial disqualification – even of constitutional dimension – could not be brought for the first time on habeas corpus.[11] We said there that the defendant could have raised his claim of a constitutional disqualification at trial and, if it was rejected there, complain on appeal.[12]

I would abide by Texas Rule of Appellate Procedure 33.1.[13] At least where the alleged judicial disqualification is based solely on statute – as in this case[14] – the complaint should be brought to the trial court's attention in a timely fashion before relief can be obtained on appeal. Such a rule would give the trial judge the opportunity to correct the situation without the wasteful time and expense of trial and appeal.

Filed: June 25, 2008
Publish

---

[10] 956 S.W.2d 555, 557-59 (Tex. Crim. App. 1997).

[11] 201 S.W.3d at 713-14.

[12] *Id.* at 714.

[13] TEX. R. APP. P. 33.1 provides in part: "As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

[14] *See* TEX. CONST. Art. V, § 11 (no reference to "party injured" language found in TEX. CODE CRIM. PROC. 30.01).