Order filed March 10, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00177-CR

                                                    __________

 

                          PETER
HELLMUTH EGGERT, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

 

                                                            Erath
County, Texas

 

                                                   Trial
Court Cause No. CR12121

 



 

                               Order on Appellant’s Motion to Recuse

With Respect to the Recusal of Chief Justice Jim
R. Wright

 

            The
trial court entered an order on May 20, 2010, revoking Peter Hellmuth Eggert’s
term of community supervision.  Appellant filed his notice of appeal from the
trial court’s order on May 28, 2010.  The appeal is currently pending with this
court.

            On
February 22, 2011, appellant filed a motion entitled:  “Appellant’s Motion to
Recuse the 11th Court of Appeals and Motion to Request the Court to
Move the Texas Supreme Court to Transfer this Case to a Sister Court of
Appeals.”  Appellant seeks the recusal of all of this court’s justices in the
motion.   This order addresses the merits of appellant’s motion with respect to
his request to disqualify Chief Justice Jim R. Wright.  See Manges v.
Guerra, 673 S.W.2d 180, 185 (Tex. 1984); McCullough v. Kitzman, 50
S.W.3d 87, 88 (Tex. App.—Waco 2001, pet. denied).

            Pursuant
to Tex. R. App. P. 16.3(b), Chief
Justice Wright has considered the motion in chambers.  Chief Justice Wright has
found no reason to recuse himself and, under Rule 16.3(b), certified the issue
to the entire court for a determination by the other justices of this court.[1]  Justice Terry McCall
and Justice Rick Strange have decided the motion with respect to Chief Justice Wright
sitting en banc without Chief Justice Wright’s participation. 

            The
recusal of appellate justices and judges is controlled by Rule 16 of the Texas
Rules of Appellate Procedure.   The grounds for recusal are the same as those
provided in the Texas Rules of Civil Procedure.  See Tex. R. App. P. 16.2; Tex. R. Civ. P. 18b.  Appellant seeks
the recusal of the justices on this court on the basis that this court “is
directly implicated in the allegations” surrounding various criminal offenses
for which he has been prosecuted and convicted.  He further contends that this
court is “the victim” of the offenses.

            Tex. R. App. P. 16.3(a) provides that a
motion to recuse an appellate court justice “must be filed promptly after the
party has reason to believe that the justice or judge should not participate in
deciding the case.”  Almost nine months have elapsed between the filing of
appellant’s notice of appeal and the filing of his motion to recuse.  The
ground upon which he seeks the recusal of the justices of this court was known
to appellant when he filed the notice of appeal.  In this regard, he filed a
motion to disqualify the justices of this court on the same ground over five
years ago in Cause No. 11-05-00234-CR in the appeal from the underlying
conviction giving rise to his term of community supervision.  Appellant’s
motion to recuse is denied on the basis that he did not file it promptly as
required by Rule 16.3.

            Additionally,
appellant’s ground for seeking to recuse the justices of this court is
incorrect.  This court is not “the victim” of his underlying conviction for
fabricating physical evidence.  As we noted in Cause No. 11-05-00234-CR, “the victim”
of the offense is the administration of justice.  See Lane v. State,
634 S.W.2d 65, 66 (Tex. App.—Fort Worth 1982, no pet.) (“When perjury is
committed in a judicial proceeding, it is the administration of justice that
suffers the offense, not the person or property of the trial judge.”).




 

            Appellant’s
motion to recuse is overruled with respect to Chief Justice Wright.

 

                                                                                                PER
CURIAM

 

March 10, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  McCall, J., and
Strange, J.

 

Wright, C.J., not participating.




 

Certification filed March
10, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00177-CR

                                                    __________

 

                          PETER
HELLMUTH EGGERT, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



                                   On
Appeal from the 266th District Court

                                                            Erath
County, Texas

                                                   Trial
Court Cause No. CR12121



 

                                                        C
E R T I F I C A T I O N

I have reviewed “Appellant’s Motion to Recuse the 11th Court of Appeals and
Motion to Request the Court to Move the Texas Supreme Court to Transfer this
Case to a Sister Court of Appeals” filed in this cause on February 22, 2011. 
To the extent the motion seeks my recusal, I have reviewed the motion in chambers. 
See Tex. R. App. P. 16.3(b). 
I find no reason to recuse myself and, under Rule 16.3(b), certify the issue of
my recusal to the entire court for a determination by the other justices of
this court.  See Manges v. Guerra, 673 S.W.2d 180, 185 (Tex. 1984);
McCullough v. Kitzman, 50 S.W.3d 87, 88 (Tex. App.—Waco 2001, pet.
denied).

                                                                                    ______________________________

                                                                                    JIM
R. WRIGHT

March 10, 2011                                                                       CHIEF
JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

APPENDIX









[1]A copy of Chief Justice Wright’s written certification
is attached to this order as an appendix.