

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00110-CV

IN RE:  EDWARD B. LYON, JR.

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 10C-1523-005

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Edward B. Lyon, Jr., appeals the dismissal of his post-conviction quo warranto proceeding alleging that the Honorable Leon Pesek[1] was disqualified from presiding over his trial. Pursuant to a plea agreement, Lyon pled guilty to murder and was sentenced to life imprisonment. Lyon appealed (arguing that the trial judge was disqualified[2]), and this Court affirmed the judgment. *Lyon v. State*, 764 S.W.2d 1 (Tex. App.—Texarkana 1988) (concluding disqualification was jurisdictional and determining that trial court was not constitutionally disqualified), *aff'd* 872 S.W.2d 732 (Tex. Crim. App. 1994).[3] Lyon argues that a writ of quo warranto is the appropriate method to raise disqualification, that the trial judge was constitutionally disqualified, and that, therefore, his conviction should be vacated. We submitted this case on Lyon's brief alone.

---

[1]The name employed by Lyon in his pleadings is "Leon F. Pesek, Sr." We take judicial notice that the Honorable Leon Pesek was the district judge in Bowie County who presided over Lyon's trial. Judge Pesek is retired and his son, the Honorable Leon F. Pesek, Jr., is currently a district judge in Bowie County. The "Sr." is often applied to people after they have a child who is named similarly, but with "Jr." appended. Since there is actually no one whose name is "Leon F. Pesek, Sr.," it is our assumption that the person about whom Lyon makes complaint is the elder Leon Pesek.

[2]We note that there are significant differences between disqualification and recusal. *Compare* TEX. CONST. art. V, § 11 and TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006) *with* TEX. R. CIV. P. 18a, 18b.

[3]We make the observation that the Texas Court of Criminal Appeals has more recently suggested that judicial disqualification may not be jurisdictional and may be subject to procedural default in a criminal case. *See Ex parte Richardson*, 201 S.W.3d 712, 714 (Tex. Crim. App. 2006) (concluding disqualification procedurally defaulted and, therefore, not properly raised on habeas); *see also Lackey v. State*, 364 S.W.3d 837, 843 & n.19 (Tex. Crim. App. 2012) (noting issue ripe for reconsideration but declining to decide); *cf. Davis v. State*, 956 S.W.2d 555, 560 (Tex. Crim. App. 1997).

Although at one time the appropriate method to raise a trial judge's authority to act was through a quo warranto proceeding,[4] the Texas Court of Criminal Appeals has since concluded that since quo warranto proceedings are now governed by statute, it is "not realistic to require a defendant to initiate a quo warranto proceeding." *Wilson*, 977 S.W.2d at 380 (noting only district attorney or Texas Attorney General could bring quo warranto proceeding). The court held the correct procedure for a complainant in Lyon's posture was not to bring a quo warranto proceeding but, rather, to lodge a pretrial objection to the judge's authority. *Id.*

As we have previously held,[5] Lyon is not a party who can bring a quo warranto proceeding pursuant to the statutes governing modern quo warranto proceedings. Under Section 66.002(a) of the Texas Civil Practice and Remedies Code, only the "attorney general or the county or district attorney of the proper county" may bring an action in the nature of quo warranto. TEX. CIV. PRAC. & REM. CODE ANN. § 66.002(a) (West 2008); *see Wilson*, 977 S.W.2d at 380; *Delamora v. State*, 128 S.W.3d 344, 358 (Tex. App.—Austin 2004, pet. ref'd).

We further note the procedure set forth in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive post-conviction judicial remedy available when the conviction is final and the applicant is confined by virtue of his felony conviction. *See Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989); *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *cf.*

---

[4]*See Archer v. State*, 607 S.W.2d 539, 544 (Tex. Crim. App. [Panel Op.] 1980), *overruled by Wilson v. State*, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998). Lyon cites *Davis*, 956 S.W.2d at 560, which suggests in dicta that a district judge's disqualification would render a conviction void, but concludes a magistrate's disqualification was not jurisdictional and could be procedurally defaulted.

[5]*See Lyon v. State*, No. 06-05-00142-CV, 2006 Tex. App. LEXIS 1394 (Tex. App.—Texarkana Feb. 22, 2006, no pet.) (mem. op., not designated for publication).

3

*Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (per curiam). This Court has no original habeas corpus jurisdiction in post-conviction criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.).

We affirm the trial court's dismissal.


Bailey C. Moseley
Justice

Date Submitted:     March 19, 2013
Date Decided:       March 20, 2013

4