Louis Hipp vs. Theodore Bissell — Appeal from Guadaloupe County.

The discretion to be exercised by a court, upon an application for a continuance, is a legal and not an arbitrary one, and is subject to revision. [4 Tex. 20; 5 Tex. 497; 10 Tex. 233; 29 Tex. 191.]

There may be cases to which no known rules, or fixed principles, can be applied; and in such cases, the discretion exercised cannot be the subject of revision. But when there are known rules of action prescribed, no exercise of discretion can dispense with them.

No suggestion of errors in a record can be received, against the statement of the clerk, as sent up in the transcript, except upon a suggestion of diminution, and an application for a *certiorari* to send up a more perfect transcript.

This was a suit brought by the appellant to foreclose a mortgage, given by the appellee, to secure the payment of three hundred dollars.

At the spring term, 1847, the defendant pleaded the payment, at different times, of several sums, particularly describing them by their amounts and dates. One of the items specified was a hundred dollars, alleged to have been paid by order of the plaintiff to his brother, Frederick Bissell; and the order, in the form of a letter, addressed by the plaintiff to the defendant, is appended to the bill of particulars annexed to the amended answer filed at that term. Upon the back of this letter there is a receipt for $100, signed "Frederick Bissell."

At the fall term, 1847, being the term at which the cause was finally disposed of, the defendant made an application for a continuance, founded on an affidavit, in which he states "that he cannot go safely to trial for the want of testimony material to his cause, and that he has used due diligence to procure the same; that he has had subpœnas issued for A. C. Hide, a citizen of Calhoun county, and Frederick Bissell, of Victoria county; that he expects to prove by them that he has at different times paid to plaintiff, and his legally authorized agents, an amount over and above the amount claimed by plaintiff;" that he does not know the cause of the absence of the witnesses; that the testimony sought cannot be procured from any other source; and that a continuance is not asked for delay, but that justice may be done.

The court refused the application for a continuance; and there was a trial, and a verdict, and judgment thereon for the plaintiff.

From a bill of exceptions in the record, it appears that, at the trial, the defendant, after having given in evidence the letter of the plaintiff appended to the answer, by which he is requested to pay the amount due the plaintiff to his brother, F. Bissell, and having proved that it was in the hand-writing of the plaintiff, proposed to give in evidence the receipt upon the back of it; but the court refused to permit it to be read in evidence without proof of the signature of Frederick Bissell. These are all the material facts, except those which will be found stated in the supplemental opinions of the court.

There was a motion for a new trial, assigning, among other

causes, the refusal of the court to grant the continuance asked. The motion was overruled, and the defendant appealed.

HANCOCK and VAN DERLIP for appellant.

NEILL for appellee.

Mr. Justice WHEELER delivered the opinion of the court.

There appear to have been other points made in the district court, but the only ground relied on in argument for a reversal of the judgment, and the only question which is deemed to require particular notice, is as to the propriety of the ruling of the court in refusing a continuance.

It does not appear, and it is difficult to conceive, upon what ground a continuance was refused. It was a first application, and went even beyond what has ever been required by any statute, upon the first application for a continuance. It embraces, indeed, a literal compliance with the requirements prescribed on a second application. [Acts of 1848, p. 110.] It does seem, therefore, that a continuance ought to have been granted. And in this conclusion we are confirmed, when it is seen that in the progress of the trial the testimony of Frederick Bissell, one of the witnesses, on account of whose absence the continuance had been moved, was most material and essential to prove his signature to the receipt for one hundred dollars.

That the evidence then was material, and that the defendant was denied the benefit of it, and apparently without any fault of his, is undeniable. In view of these facts, we cannot resist the conclusion that injustice may have resulted to the defendant in the trial. They at least afford, in the language of Blackstone (3 Com. 392), " strong probable grounds to suppose that the merits have not been fairly and fully examined, and that the decision is not agreeable to the justice and truth of the case."

It seems clear that the party was entitled to a continuance, and the only question, we think, which can arise is, whether this court will revise the decision of the district court refusing it. Upon this question there is a diversity of decisions and

practice in different courts. By some it is held that applications for continuances are addressed to the discretion of the court, and that that discretion is not the proper subject of revision. [1 How. (Miss.) 100; 2 Ala. 320.] But by others it is held otherwise, and that where it appears that a party was ruled to trial when he was entitled to a continuance, the judgment obtained against him will be reversed in an appellate court. [4 H. & M. 157; n. 3 Blackf. 304; 3 Miss. 28; 2 Virg. Cas. 6.]

In the case of Ward *et al. vs.* Boone, decided by the late supreme court (Dallam, 561), the question was considered, but not decided, the court being of opinion that a continuance in that case had been rightly refused, or that the objection was not rightly taken. A majority of the judges, however, seem to have been of opinion that the discretion of the court upon an application for a continuance, being a legal and not an arbitrary discretion, was subject to revision; and since that case, at least, such it is believed has been regarded by the profession as the rule which must prevail in our courts.

Our legislature has seen fit to prescribe certain rules applicable to this subject, and it can scarcely be supposed that the discretion of the judge can rise superior to these rules. Such a supposition would elevate judicial discretion above the law of the land. It would make it, in effect, arbitrary and absolute. Such a principle would be intolerable, and cannot be recognized.

When there is no rule, or when the rule is inapplicable, or does not afford a perfect guide, then there is room for discretion; and, from the necessity of the case, it must exist. There may be cases to which no known rules or fixed principles can be applied; and the discretion which must be exercised cannot be the subject of revision. But when there are known rules of action prescribed, there can be nowhere a discretion to dispense with those rules. Especially can there be no discretion to disregard those positive regulations which have been established by the law-making power for the government of the courts. Where the legislature has undertaken to prescribe the course which a party shall pursue, and the rules he shall observe to entitle him to a continuance, we suppose they in-

tended to secure to him a *right*, and, for its attainment, to furnish rules by which the discretion of the court may be guided, but with which it cannot dispense. We think the discretion of the court upon the application, under our statute, is a discretion subject to the rules there prescribed. The recent statute does not, it is true, undertake to prescribe *all* that the affidavit should contain upon a first application. But it does direct what it shall contain, and what shall be deemed sufficient upon a second application; and the presumption is, that something less, certainly not more, was intended to be required upon a first than upon a second application. What less than is required on a second application shall be sufficient on the first, not being prescribed, must be left to the discretion of the court; and there doubtless will cases arise which cannot be anticipated by any established rules, and may not be susceptible of being conformed to any legal definition. These, from the nature of the case, must be addressed to a discretion, the exercise of which cannot be controlled or revised. But where there are certain and definite rules applicable to the case, and where the party has strictly conformed to those rules in their letter and spirit, especially where, as in this case, upon a first application he has brought himself within the rules prescribed for a second, it is not, we think, within the discretion of the court to refuse the application; and such refusal will be error.

If, in the first instance, there had been a doubt as to the materiality of the testimony sought in this case, that doubt, it seems, must have been removed on the trial. And the defendant, without any apparent fault of his, having been deprived of his evidence, and what seems to have been his just defense, a new trial, we think, ought to have been awarded. [See 8 Smedes & Marshall, 401.]

We are of opinion, therefore, that the judgment be reversed, and the cause remanded for a new trial.

After the foregoing opinion was pronounced, the case was re-investigated by the court, upon the suggestion of the counsel

for the appellee, that probably certain matters in the record had been overlooked; and upon that reinvestigation, the following supplemental opinion was delivered by Mr. Justice WHEELER:

Since the judgment was pronounced in this case, our attention has been directed to some discrepancies in the record, which were not noticed in the opinion, for the reason that they were deemed immaterial.

The answer, which appears in the record, consists of a plea of payment, couched in very general terms, and an amended plea, which is that noticed in the opinion; both certified to have been filed on the 16th day of March, 1848 — the latter, however, is entitled of the fall term, 1848. It appears that at the fall term, 1848, after the overruling of a motion for a continuance, the defendant asked leave to amend his answer, which leave was given by the court; but there is no amendment in the record other than that made, or at least stated by the clerk to have been filed at the former term. It has been suggested that this amendment was not in fact made until after the refusal of the continuance, and the concurrence of the leave to amend, with the entitling of the plea, favors this supposition.

It has also been suggested that the application for a continuance in the record was not, in fact, as it appears, a first, but a second application. If this be so, there must have been the most culpable negligence and carelessness on the part of the clerk. But we have no evidence, of which we can take judicial cognizance, in support of these suggestions. No diminution of the record has been suggested by either party — no *certiorari* for a more perfect transcript is asked — and unless this had been done, or the verity of the record questioned in a manner of which we can judicially take notice, we must regard the record as perfect, and hold conclusive the positive statement of the clerk, that the amended answer was filed on the 16th of March, 1848, whatever reasons we may have to suspect there may have been some mistake committed.