Lipscomb, J.
It will he seen by reference to art. 815, Hart. Dig., that the affidavit is almost in literal conformity with tlie requisitions of the statute on an application for a second continuance, and the record does not show that there had been more than one continuance before asked by the defendant. In truth, it. does not appear that the case had ever been continued on tlie affidavit of the defendant. It is inferred that it liad been once continued from the fact that an affidavit for a continuance by the defendant was filed and appears upon record, but- it does not appear that there was any action of tlie court upon it. The statute prescribes what shall he sufficient grounds for a first and second continuance, hut is silent as to a subsequent application to continue, and it has been decided by this court that, if the terms of tlie statute are complied with on the first and second application, tlie court can exercise no discretionary power; that it must he granted. (See Hipp v. Bissell, 3 Tex. R., 18; Hipp v. Huchett, 4 Tex. R., 20.)
We have said that the affidavit for a continuance was almost a total compliance with tlie requisitions of tlie statute, hut a reference to the record will further show conclusively tlie materiality of tiie absent witness. It is shown that for the services referred to in tlie affidavit the plaintiff was seeking to recover two hundred dollars. We think, therefore, the defendant in tlie court helow was entitled to a continuance, and that the court erred in overruling his motion. The judgment is therefore reversed and the cause remanded.
Beversed and remanded.
Note 64. — MacMahan v. Busby, 29 T., 191. The discretion exercised by tho court on the third and succeeding applications over the question of continuance is not, as a general rule, the subject of revision. (Green v. Crow. 17 T., 180) But there may be circumstances when to overrule the motion is error. (Brooks v. Howard, 30 T., 278.)