East Texas Land and Improvement Company v. Texas
Lumber Company.

Decided June 8, 1899.

Continuance—Third Application—Requirements.

A third application for the continuance of a cause which was continued at the
previous term because of the absence of the defendant's witnesses, when no further
diligence is shown to obtain their testimony, nor that their fees had been tendered,
nor that defendant expects to procure their testimony at the next term of the court,
may be refused in the discretion of the trial court.

Appeal from Angelina. Tried below before Hon. Tom C. Davis.

*Coke & Coke*, for appellant.

*Mantooth & Townsend*, for appellee.

GARRETT, Chief Justice.—This was an action of trespass to try
title to 640 acres of land in Angelina County brought by the Texas Lum-
ber Company against the East Texas Land and Improvement Company
and Wylie Milliner and Jerry Crane. The only question for our determi-
nation is whether or not the court erred in overruling the appellant's
motion for a continuance.

The suit was brought on the 5th day of September, 1896. Appellant
filed its third application or motion for a continuance October 25, 1898,
which the court overruled and required it to go to trial. The defense to
the suit was the statute of five and ten years limitations. The material
part of the motion for a continuance was in substance as follows:

"And defendants allege that the said witnesses and each of them,
affiant is informed and believes, will testify that defendants have held
the premises sued for peaceably and adversely, using, cultivating, living
upon, and enjoying the same continuously for a period of more than five
and more than ten years next before the filing of plaintiff's petition.
* * * That due diligence has been used by the defendant to procure
the attendance of said witnesses and each of them in this: defendants
caused a subpoena to issue out of this court October 19, 1896, for each
of said witnesses, which was returned into this court the same day show-
ing due service upon each of said witnesses. Each of said witnesses re-
sides in the county of Angelina and State of Texas, except the witness
A. L. Duncan, who resides in Jasper County, very near the south line of
said Angelina County, and the said witness Duncan is in the employ of
the defendant, East Texas Land and Improvement Company. The said
witnesses and each of them have been in attendance at the former terms
of this court, except the last term thereof; and at the time this cause
was called for trial the witnesses Duncan and James Crane were not
present, but had been during the same term present in the courthouse
in the said Angelina County, Texas. The reason for the nonattendance

of all of said witnesses, except the witness Duncan, is not known to affiant. The reason of the nonattendance at this time of the witness A. L. Duncan is on account of serious and dangerous illness of three members of his family who need his personal attention, all of which was unknown to defendant until October 23, 1898. Defendant notified said witness a short time prior to the present term of this court to be in attendance and promised to be promptly in attendance, and the witness A. L. Duncan would have been brought by the defendants to the court at this time but for the said illness in the family of the witness as aforesaid. The facts which defendants expect to prove by said witnesses can not be procured from any other source. The subpoena showing service, as aforesaid, is presented herewith and made a part hereof. This continuance is not sought for delay only, but that justice may be done."

Attached to the motion is a subpoena in the ordinary form for the four witnesses above named. The return upon the subpoena shows that it was executed on the 19th day of October, 1896, by reading the same to the witnesses named therein. A bill of exceptions was taken to the action of the court in overruling the motion, to which the judge added the following qualification: "This bill of exceptions is approved with this qualification, that this is the third application for a continuance by the defendants, and the case at the last term was continued on account of the absence of the witnesses Crane and Duncan, and since the last term there has been no additional process asked for said witnesses." A motion for a new trial on account of the refusal of the motion was refused. On the trial the plaintiff showed a legal paper title to the land with claim under a recorded deed and payment of taxes for ten years. The defendant showed a claim under a recorded deed for ten years and payment of taxes for five years. No evidence was introduced in support of the plea of limitations. It therefore appears that the testimony for which the continuance was sought was material to the defense. The articles of the Revised Statutes upon which the application is based are as follows:

"Article 1276. No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause, supported by affidavit, or by consent of the parties, or by operation of law."

"Article 1278. On applying for a continuance, if the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony can not be procured from any other source; and if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and he shall also state that the continuance is not sought for delay only, but that justice may be done. Provided, that on the first application for continuance it shall not be necessary to show that the absent testimony can not be procured from any other source."

The last article appears as amended by an act of the Legislature approved April 22, 1897. Gen. Laws, p. 117. It will be observed that the statutory provisions for a continuance do not limit the number of applications that may be made in a case. The only difference between the applications are that the first application need not show that the absent testimony can not be procured from any other source.

Previous to the adoption of the Revised Statutes of 1879 the statute prescribed the requisites of a first and second application for a continuance, and the Supreme Court held that if the terms of the statute were complied with on the first and second applications the court could exercise no discretion, but should grant the continuance. Pasch. Dig., art. 1509; Hipp v. Bissell, 3 Texas, 18; Hipp v. Hutchett, 4 Texas, 20; Prewett v. Everett, 10 Texas, 283; Chilson v. Reeves, 29 Texas, 279. A third application, however, was held to be addressed to the sound discretion of the court, although there might be circumstances under which it would be revised. Brooks v. Howard, 30 Texas, 278. Since the Revised Statutes of 1879 were adopted there has been no decision that we are aware of that withholds the discretionary power of the court beyond the second application. As amended, the statute prescribes a general rule for any application for a continuance, except that the first need not show that the absent testimony can not be procured from any other source. The power to grant or refuse continuances is inherent in all courts. The statute is not the source of the power in this State, but only prescribes certain requisites of the application without distinguishing between any applications after the first. A continuance is commonly held to be within the discretion of the court, subject to review only for abuse. 4 Am. and Eng. Enc. of Pl. and Prac., 828. Bearing in mind the rule established by the decisions up to the present time, we can not think that the amendment of the old statute, introduced first into the Revised Statutes of 1879, was intended to make the granting of all applications for a continuance to depend upon their compliance with the statute, withdrawing them entirely from the discretion of the court, and we hold that the application in this case being for a third continuance, was addressed to the sound discretion of the court, and can not say that its discretion in overruling the application was abused. The case had been continued at the previous term of the court on account of the absence of two of the witnesses, and no further diligence was shown to obtain their testimony. The affidavit is strictly construed, and all intendments so far as it is equivocal or uncertain must be taken against it. 4 Am. and Eng. Enc. of Pl. and Prac., 877. It does not show that the fees of any of the witnesses had been tendered to them (Railway v. Hall, 83 Texas, 675); nor that the appellant expected to procure their testimony at the next term of the court. Railway v. Harden, 62 Texas, 367; 4 Am. and Eng. Enc. of Pl. and Prac., 882. In the case of Watson v. Manufacturing Company, 66 Texas, 558, the Supreme Court said with reference to a first application, that "after the case had stood upon the docket for two years, the court did not err in holding defendants to the most rigid requirements

of the statute." Due diligence was not shown, and there was no assurance that the testimony would be had at the next term.

It is the opinion of the writer that the matters stated in the application which the appellant expected to prove by the witnesses do not meet the requirements of the statute, because they are but conclusions and not the facts by which adverse possession should be shown. The judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.