## J. W. BURKHART v. THE STATE.

No. 13067. Delivered February 26, 1930.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 238.

The opinion states the case.

*Burch & Woodruff* and *Patterson & Cates,* all of Decatur, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year. A former appeal is reported in 16 S. W. (2d) at page 1090.

Appellant contends that the evidence is insufficient. We are unable to agree with his contention.

Appellant and Jess Williams were driving a Ford car without a top. Williams was driving the car and appellant was sitting by his side on the front seat. They carried under the hood of the car, in two kegs, twenty-five gallons of whiskey. Some of the liquor had run out, and there was a strong odor of whiskey about the car, When an officer stopped the car appellant jumped out and endeavored to run away. Williams said to the officer: "Catch that little sawed-off b-d; he is as guilty as I am." The officer stopped appellant and arrested him and Williams. Appellant offered no defense.

Appellant based an application for continuance on the absence of Honorable H. G. Woodruff, one of his attorneys. On this trial and the former trial appellant was represented by the firm of Patterson and Cates. On the present trial, in addition to the firm mentioned, appellant was represented by the firm of Burch and Woodruff, the junior member of the firm being the Honorable H. G. Woodruff. Upon reversal of the case upon former appeal, appellant employed Honorable H. G. Woodruff as one of his attorneys. The Legislature was convened prior to the instant trial, and was in session during the entire time consumed by the trial. Honorable H. G. Woodruff was a member of the House of Representatives, and by reason of such fact advised the trial judge by letter prior to the trial that he would be unable to appear and represent appellant on his trial. He requested the court to continue the case. Prior to the trial he filed his affidavit wherein he averred that as a

member of the Legislature he was in actual attendance on a session of the same; that it was impossible for him to be present on the trial of his client; and that his presence was necessary to a fair and proper trial of the cause. When the case was called for trial, the affidavit of appellant containing, with one exception, substantially the same averments was filed. Appellant's affidavit failed to state that the presence of Honorable H. G. Woodruff was necessary to a fair and proper trial of the cause. We quote Chapter 7, of the Acts of the Forty-First Legislature, Regular Session, as follows:

"In all suits, either civil or criminal, or in matters of probate, pending in any court of this State at any time the Legislature is in session, it shall be sufficient ground for a continuance of such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a member of either branch of the Legislature, and is in actual attendance on a session of the same, and that the presence of party or attorney is necessary to a fair and proper trial of the cause. Where a party to any cause is a member of the Legislature his affidavit need not be corroborated but where a continuance is sought by reason of the fact that an attorney for any party is a member of the Legislature such affidavit shall be made by both the party and his said attorney. On the filing of such affidavit the court shall continue the cause until ten days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged against the defendant upon any subsequent application for continuance."

Under the terms of the statute, it was incumbent upon appellant, as well as upon his attorney, to file an affidavit containing the statutory requisites. These requisites are set forth in the statute in plain and unambiguous language. One of the requirements is that it shall be recited in the affidavit that the presence of the attorney "is necessary to a fair and proper trial of the cause." Appellant's affidavit is fatally defective in omitting the averment last mentioned. Hence it afforded no basis for a continuance, and the court properly overruled the application. We deem it unnecessary to decide whether the statute makes obligatory the granting of the continuance upon the filing of the affidavits in proper form. Hence we do not consider here the fact that appellant appears to have been ably represented by three attorneys, two of whom he had employed prior to the time he secured the services of Honorable H. G. Woodruff.

Two bills of exception, wherein complaint is made of the reception in evidence of certain testimony, are brought forward. These bills are entirely in question and answer form. The motion of the state that said bills be not considered must be sustained. Bills of exception in question and answer form, without the certificate of the trial judge that such form is necessary in order that the matter may be understood, cannot be considered. Lindley vs. State, 17 S. W. (2d) 47.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We are not impressed with the contention made by appellant that an affidavit made by one who has three able counsel present at his trial, which states that said defendant "earnestly desires the active participation in the trial" of another of his attorneys who is away in attendance upon the legislature,— is equivalent to and should be held by this court to be the same thing in law as the language which appears in Chap. 7, Acts Regular Session of the 41st Legislature, whereby one is required to make an affidavit, in a proper case, that the presence of an attorney absent and in the legislature "Is necessary to a fair and proper trial of the cause." The continuance of a criminal case to whose trial many witnesses may have come at much expense from a long distance, as well as veniremen and others, is no small matter, and is not to be granted at the desire, or even the earnest desire of the accused, except upon a legal showing. Ordinarily an affidavit to be used in the course of a legal trial should be in such form as that if falsely made same can be made the predicate for prosecution for perjury. It is evident at a glance that no perjury prosecution could be predicated upon an affidavit in form such as that made by appellant in the instant case, whereas an affidavit stating that the presence of a particular attorney is necessary to a fair trial of a cause, raises an issue upon which evidence pro and con might be introduced, and, in a proper case, if the falsity of such statement be made to appear, punishment therefor could be meted out. We are not able to agree with appellant's contention that he sufficiently followed the statute.

Appellant and another were in a Ford car which had no top. The cushion was off the back seat. Two kegs of whiskey, one a ten gallon and the other a fifteen gallon keg, were in the car. The corn cob stopper of one of the kegs had not been sufficient to keep the whisky from sloshing out, and the testimony showed that the odor of whiskey pervaded the air when the car was stopped. Appellant lived in Montague county, an adjoining county to the county of the forum. A communication from Montague county to the sheriff of Wise county led to the stoppage of said car. At once when the car was stopped appellant sprang from same and started to run rapidly away. The other occupant of the car immediately and in the hearing of appellant affirmed that the latter was guilty. Appellant was stopped. These facts were deemed by the jury sufficient to show him guilty as a participant in the unlawful transportation of intoxicating liquor. We are not able to say that the jury were not justified in their conclusion.

The motion for rehearing will be overruled.

*Overruled.*