**GOVERNMENT SERVICES INSURANCE UNDERWRITERS et al., Relators,**

v.

**Honorable Herman JONES, District Judge, Respondent.**

No. A–9590.

Supreme Court of Texas.

May 22, 1963.

Rehearing Denied June 12, 1963.

Franklin Spears, Perry Rowan Smith, San Antonio, Heath & Davis, Austin, John Peace and J. B. Langham, San Antonio, for appellant relators.

Waggoner Carr, Atty. Gen., Austin, Joe R. Long and Dudley D. McCalla, Asst. Attys. Gen., for respondent.

NORVELL, Justice.

The sole question involved in this proceeding is whether or not Article 2168a, Vernon's Ann.Tex.Stat., which provides for a mandatory continuance of pending lawsuits upon application of a member of the Legislature is invalid because it is violative of Article II, § 1, of the Constitution of Texas Vernon's Ann.St., relating to the division of the powers of government into three distinct departments. No other constitutional basis for the invalidity of the statute is here urged. In our opinion this question was determined contrary to the re-

spondent's position in Mora v. Ferguson, 145 Tex. 498, 199 S.W.2d 759, decided by this Court in 1947 and on authority of this case relators are entitled to the mandamus they pray for.

The essential facts are these:

An insurance company liquidation proceedings is now pending in the District Court of Travis County, Texas, styled, State of Texas v. Government Services Insurance Underwriters, Inc., et al. Some time in October, 1962, Honorable Franklin Spears, an attorney at law and member of the State Senate, was employed as counsel by one or more of the defendants in said cause. The defendants in the case mentioned are now the relators before this Court.

The defendants in the district court case filed a motion for continuance based upon various grounds such as inability to complete the taking of the depositions of the statutory liquidator because of illness and the like. The only ground which is pertinent here, however, is that portion of the motion which is styled "Alternative Motion for Continuance" wherein Senator Spears by a sworn pleading states that he is a member of the State Senate which is presently in session and prays that the cause be continued in accordance with the provisions of Article 2168a. This "Alternative Motion for Continuance" was originally filed on April 8, and the grounds therein set forth were again urged in a pleading filed on April 25, 1963.

Article 2168a reads as follows:

"In all suits, either civil or criminal, or in matters of probate, pending in any court of this State at any time within thirty (30) days of a date when the Legislature is to be in Session, or at any time the Legislature is in Session, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party

to such cause, is a Member of either branch of the Legislature, and will be or is in actual attendance on a Session of the same. Where a party to any cause is a Member of the Legislature, his affidavit need not be corroborated. On the filing of such affidavit, the court shall continue the cause until thirty (30) days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged against the party receiving such continuance upon any subsequent application for continuance. It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary."

The wording of the statute makes clear the Legislative intent that the court in which a statutory motion is filed shall have no discretion to grant or refuse the motion. It is expressly stated that, "it shall be mandatory that the court continue such cause" and that "It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary."

The Honorable Herman Jones, respondent here, and the judge of the court in which the liquidation proceedings are pending, overruled the motion for continuance and held that the mandatory nature of the statute rendered the same unconstitutional under Article II, § 1 of the Texas Constitution relating to the division of governmental powers which provides that:

"The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments,

shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

The order of the district court rests squarely upon the proposition that the portion of the statute which undertakes to deprive a district court of all discretion in granting a continuance regardless of whether in fact the presence of the attorney-legislator is essential to a fair trial of the cause amounts to an invasion of the judicial realm by the Legislature and hence comes under the constitutional proscription embodied in Article II, § 1 of the Constitution.[1] No other basis for the refusal of the continuance is set forth in the order of the trial judge and it is not urged by the Attorney General who is here representing the respondent that the granting of a continuance would result in any person being deprived of a remedy by due course of law, or that anyone would be deprived of equal protection of the laws contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States or Article I, §§ 13 and 19 of the Texas Constitution; or that any constitutional provision other than Article II, § 1 would prevent Article 2168a from being fully operative under the facts of this particular case.

Upon Judge Jones' refusal to grant the statutory continuance, the relators applied to this Court for a peremptory writ of mandamus directing said District Judge to enter an order continuing the cause pending in his court in accordance with the holdings and practices outlined in Mora v. Ferguson, supra.

Express provisions similar to that contained in the Texas Constitution relating to the division of governmental powers are found in many state constitutions. Undoubtedly, as pointed out by counsel, such a provision is implicit in all written constitutions patterned after that of the United States of America. However, the problem of determining that which is judicial and that which is legislative is often difficult of statement under varying factual circumstances. Classification may depend upon the particular nomenclature and definitions employed in the field of learning with which one is concerned. To a political scientist who regards the legislative power as that authority which determines those rules of conduct which will be supported by governmental sanctions, the action of a court in declaring a law passed by a Legislature to be null and ineffective might appear to be a clear exercise of legislative power. As mentioned by this Court in Goode v. McQueen's Heirs, 3 Tex. 241, the power of the judicial branch to set aside and hold for naught an act of the legislative branch has been regarded by foreigners as an anomaly and a somewhat dangerous one at that (p. 257). Yet, as pointed out by the Attorney

1. The order entered by Judge Jones recited that the court "is of the opinion and finds that Article 2168a, V.A.C.S., undertakes to make the court's postponement of a case mandatory upon the filing of an affidavit that an attorney in such case is a member of the Legislature and that the Legislature is in session, regardless of whether in fact the presence of such attorney is necessary for a fair trial to be had; that it is the intent of Article 2168a that no discretion be vested in the Court upon the filing of such an affidavit; that defendants upon the trial of this case will be fairly and properly represented by other counsel without the necessity for the presence of the attorney-legislator in this case; that the determination of whether or not a trial should be continued in the interest of justice is an elementary judicial duty and must, under Article II, Section I of the Constitution of the State of Texas, be exercised by the judicial branch of our government; that insofar as Article 2168a undertakes to divest the Court of all discretion to determine when it shall be necessary in the administration of justice, for a postponement to be allowed, said Article violates Article II, Section I of the Constitution of the State of Texas and is, therefore, unconstitutional to that extent; that in view of such unconstitutionality, this Court may exercise its discretion in determining whether defendants' alternative motion for continuance should be granted."

General in his brief, Alexander Hamilton, in the Federalist Papers (No. 78), clearly anticipated Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60, when he asserted that the judicial branch of government must necessarily possess the power to declare those acts invalid which are contrary to the Constitution upon the theory that the judiciary must follow fundamental law and disregard non-fundamental law which is contrary thereto.

Proceedings in which a court is involved are not necessarily classified as judicial in character under any and all circumstances. This is recognized by the terms of the Constitution itself in various instances. For example, Article V, § 8 of the Constitution vests the District Court with original jurisdiction of contested elections. In De Shazo v. Webb, 131 Tex. 108, 113 S.W. 2d 519, it was said, "The jurisdiction conferred upon the district courts to hear and determine 'contested elections' is legislative in its nature. * * * In other words * * * the power and jurisdiction to hear and determine a contested election action is the power and jurisdiction to exercise a legislative function, and * * * it is not a civil suit." See also, Williamson v. Lane, 52 Tex. 335, and Gonzales v. Laughlin, Tex.Civ.App., 256 S.W.2d 236, no writ history.

■ In determining whether or not the exercise of a power by one branch of government is an unauthorized invasion of the realm or jurisdiction of another branch, we must consider the relationship of the various governmental departments as set forth and defined in the Texas Constitution, for that which is permitted by the Constitution cannot be unconstitutional. The power and authority of a state legislature is plenary and its extent is limited only by the express or implied restrictions thereon contained in or necessarily arising from the Constitution itself. State v. Brownson, 94 Tex.

436, 61 S.W. 114. Insofar as procedure is concerned, the 1891 amendment to the judicial article of the Constitution vesting the Supreme Court with rule-making power expressly recognizes that such power is subordinate to that of the Legislature. Article V, § 25 of the Constitution, reads as follows:

> "The Supreme Court shall have power to make and establish rules of procedure *not inconsistent with the laws of the State* for the government of said court and the other courts of this State to expedite the dispatch of business therein."

See also, Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822.[2]

The right of the Legislature to adopt rules of evidence for the government of judicial proceedings has never been questioned. Articles 3713–3737, incl., Vernon's Ann.Tex.Stat. The Legislature creates district courts and sets the terms for said courts. See, Apportionment Statute relating to district courts, Article 199, and Article 1919 providing for continuous terms. Numerous other examples of legislative control of judicial procedures could be given; and when we examine the matter which is specifically involved here, we find that the Legislature controls the granting of continuances in criminal cases by provisions which have been codified in the Code of Criminal Procedure, Articles 538 to 551 inclusive. In civil cases, provisions governing such matters were also enacted by the Legislature prior to the 1939 Act which repealed all laws or parts of laws governing the practice and procedure in civil actions in order to relinquish full rule-making power to the Supreme Court in such suits. Acts 1939, 46th Leg., p. 201, Article 1731a, Vernon's Ann.Tex.Stat. See also Rules 251 and 252, which adopt in rule form the provisions of Articles 2167 and 2168 of the 1925 Revised Statutes.

2. In connection with the power to promulgate rules of procedure, see, Acts 1939, 46th Leg., p. 201, Art. 1731a, Vernon's Ann.Tex.Stat. Denbow v. Standard Accident Insurance Company, 143 Tex. 455, 186 S.W.2d 236.

A rule prescribed by the Legislature which deprives a trial judge of all discretion in granting or refusing a continuance is not a novel development in the jurisprudence of this State. Article 2, § 1 of the Constitution of 1845 is practically identical in wording with Article 2, § 1 of the present Constitution, and in Prewitt v. Everett, 10 Tex. 283, Mr. Justice Lipscomb on authority of Hipp v. Bissell, 3 Tex. 18, and Hipp v. Hutchett, 4 Tex. 20, said:

"The statute prescribes what shall be sufficient grounds for a first and second continuance, but is silent as to a subsequent application to continue, and it has been decided by this court that, if the terms of the statute are complied with on the first and second application, the court can exercise no discretionary power; that it must be granted."

See also, Cleveland v. Cole, 65 Tex. 402, Lillard v. State, 17 Tex.Cr.R. 114.

The Attorney General in a well-prepared brief cites a number of general authorities relating to the doctrine of separation of powers and specially calls our attention to two cases decided since this Court's decision in Mora v. Ferguson. These are McConnell v. State (1957), 227 Ark. 988, 302 S.W.2d 805, by the Supreme Court of Arkansas, and Booze v. District Court of Lincoln County (1961) Okl.Cr., 365 P.2d 589, by the Oklahoma Criminal Court of Appeals. The Oklahoma case follows and quotes from the McConnell decision and is persuasive authority in support of respondent's position. The opinion therein quotes with approval the following statement from American Jurisprudence, viz:

"The fundamental principle running throughout the subject of continuances is that the granting or refusal of a continuance rests in the discretion of the court to which the application is made." 12 Am.Jur. 450, Continuances § 5.

The Court then pointed out that under a long line of decisions in Oklahoma "an application for a continuance is addressed to the sole discretion of the trial court," and followed with a holding that a statute which provides for a mandatory continuance which places the matter beyond the discretion of the trial judge violates the Oklahoma constitutional provision relating to the division of governmental powers.

It seems that the difference in the holding of the Oklahoma Court in the Booze case and the holding of this Court in the Mora case stems from an underlying divergence of view as to legislative authority over the subject of continuances from the constitutional standpoint. Under the Oklahoma Constitution as construed by the Criminal Court of Appeals of that state, the matter of continuance lies within the sole discretion of an officer of the judicial department. When this Court in Mora v. Ferguson upheld the legislatively prescribed mandatory continuance, it necessarily held that the matter of continuance did not rest solely within the discretion of the trial judge. There is a clear conflict of principle between the Booze and Mora cases and this is seemingly recognized by the Attorney General for he argues that in Mora this Court did not pass upon the contention that the mandatory continuance statute was violative of Article II, § 1 of the Constitution.

We are unable to agree with the argument presented. In stating our reasons for disagreement, some repeating of what was said in *Mora* is unavoidable. We speak of the American system of separation of powers and checks and balances. These are seemingly contradictory terms and it should be recognized that all three branches of government are to some extent interdependent.[3] A mandatory continuance by

3. In Story on Constitutional Law, it is said:
  "But when we speak of a separation of the three great departments of government, and maintain, that that separation is indispensable to public liberty, we are to understand this maxim in a limited sense. It is not meant to affirm, that they must

legislative enactment will undoubtedly interfere somewhat with the operations of the judicial department of government. On the other hand when a court requires that the legislator-attorney be in attendance upon it while the Legislature is in session, some interference with the legislative process necessarily takes place. The statutory right or privilege of the legislator is undoubtedly subject to abuse, but so is the discretion of the judge.[4] It is primarily the responsibility of the respective branches of government to curb abuses within their particular spheres. While a continuing failure to meet this responsibility may indicate a need for constitutional change, the circumstance that a power may be abused is not a valid basis for arguing that the power is non-existent.

In upholding the mandatory continuance this Court in *Mora* quoted with approval the following from Bottoms v. Superior Court, 82 Cal.App. 764, 256 P. 422, 424:

"The purpose of the provision of Section 1054 of the Code of Civil Procedure [providing for a mandatory continuance] is obvious. It will readily be conceded that there is no activity connected with and essential to the preservation and maintenance of the social fabric of greater importance than that of the functioning of the legislative department of a state. In exercising and administering that branch of the sovereign powers of a state that is appropriated to it by the people, in a government such as ours, in which the sovereign powers are divided into and assigned to three different, distinct, and independent departments, the Legislature is required to deal with the most sacred of human rights—rights which directly affect the life, the liberty, and the property of the citizen. The members of that body, therefore, must give constant and uninterrupted attention to their duties as such while it is in session lest there be either advertently or inadvertently bad legislation put over or good laws repealed, the effect of which would necessarily be to work, for the time, irreparable damage to the state. But these propositions are well understood and their soundness will be conceded, since it cannot possibly be doubted that the members of the Legislature, particularly such members as may belong to the legal profession and engaged actively in the practice thereof, should be relieved by the law from concerning themselves with extraneous matters or interests not pertaining to their legislative duties while they are in attendance on sessions of the Legislature and actually prosecuting their duties as such. On the other hand, the suggestion may be ventured, significant in the present connection, that a practicing lawyer deals with a science involving the most abstruse learning, in its remedial and procedural as well as its substantive branch, and in conserving or preserving, or protecting or defending the rights of his clients when such rights are questioned in the judicial tribunals, the demand for his undivided attention to those causes is as necessary or imperative as is the demand

be kept wholly and entirely separate and distinct, and have no common link of connection or dependence, the one upon the other, in the slightest degree. The true meaning is, that the whole power of one of these departments should not be exercised by the same hands, which possesses the whole power of either of the other departments; and that such exercise of the whole would subvert the principles of a free constitution. * * *" Story, Commentaries on the Constitution of the United States (3rd ed. 1858), Vol. I, p. 368, § 525.

4. In Sweeney v. Jarvis, 6 Tex. 36, 1. c. 40, Mr. Justice Wheeler referred to the dictum of Lord Camden wherein "arbitrary discretion" in a judicial officer was characterized as being "the law of tyrants; always unknown; different in different men; casual; depending upon constitution, temper, passion."

upon him for like attention while he is engaged in performing the duties of a member of the Legislature."

In substance, the argument of the California Court is that the mandatory continuance would tend to prevent rather than bring about conflicts between the legislative and judicial departments of government. In referring to the California opinion in *Mora*, it seems clear that this Court was considering the problem of the division of governmental powers and necessarily must have had in mind the constitutional provision here urged to invalidate the statute.

This view is strengthened when we consider the contentions urged by the respondent in the Mora case together with what was said by this Court in disposing of the case contrary to these contentions. In his answer to the petition for mandamus, the Honorable Bryce Ferguson, one of the abler lawyers occupying the district bench at that time (1947), asserted:

(1) that insofar as Article 2168a[5] seeks to "set up any right, immunity or privilege which members of the legislature would be entitled to in the case, wholly apart from the existence of such statute, the same is to such extent unconstitutional as being an attempt on the part of the legislature to add to its immunities and privileges, * * *" and,

(2) that "to the extent that Article 2168a undertakes to impose upon the judiciary any rule or principle of procedure concerning the governing of

our judicial branch of the government different from which ordinary principles of fairness, public consideration, public welfare, waiver and estoppel would dictate under the same circumstances, then to that extent such article constitutes an unwarranted invasion by the legislative branch of the duties and function of the separate and distinct judicial branch of government."

In the Mora opinion, Mr. Justice Brewster writing for this Court stated Judge Ferguson's position as follows:

"Then respondent urges that if Art. 2168a, supra, undertakes to impose upon the judicial branch of the government any rule of procedure different from the ordinary rule of waiver and estoppel, it constitutes an unwarranted invasion by the Legislature of the functions of the judiciary. He asserts, also, that the statute in question is unconstitutional in that it undertakes to add to the privileges and immunities given members of the Legislature by express constitutional provision."

It seems abundantly clear that Judge Ferguson raised the question of an unlawful invasion of the judicial realm by the Legislature, i. e., that a violation of the principle of division of governmental powers had occurred. This Court was reasonably accurate in stating Judge Ferguson's position although the statement thereof in the opinion was in somewhat briefer form than that set forth in respondent's reply to the petition for mandamus. In our opinion the scope of the Mora decision cannot be restricted to the narrow holding

---

5. *Under the 1929 Act (Acts 1929, 41st Leg., p. 17)* the continuance because of attendance upon the Legislature was discretionary in that it was necessary that the applicant show that the presence of the attorney-legislator was necessary to a fair and proper trial of the case. Burkhart v. State, 114 Tex.Cr.R. 462, 26 S.W.2d 238; Davis v. State, 120 Tex. Cr.R. 330, 49 S.W.2d 805; Burton v. State, 129 Tex.Cr.R. 238, 86 S.W.2d 768; Mora v. Ferguson, 145 Tex. 498, 199 S.W.2d 759. With the adoption of the

Texas Rules of Civil Procedure by the Supreme Court as authorized by the 1939 Rule Making Act, the provisions of the statute were written into Rule 254 with minor textual changes and the statute (Art. 2168a) insofar as it related to civil actions was listed as repealed. In 1941, the statute was re-enacted in mandatory form. (Acts 1941, 47th Leg. p. 69.) In 1949 the statute was amended and placed in its present form (Acts 1949, 51st Leg. p. 1111).

that Mora and his attorney were not estopped from claiming the benefits of the mandatory continuance statute. The quotation from the California case set forth in the Mora opinion does not deal with estoppel nor does it discuss an allegedly unwarranted expansion of the privileges and immunities given to members of the Legislature by express constitutional provision. It discusses the separate departments of government and the position of the attorney-legislator with reference thereto. The position taken by Judge Ferguson in *Mora* was the same as that which was sustained by the Oklahoma court in Booze v. District Court of Lincoln County. In *Mora*, however, Judge Ferguson's contention was decided adversely to him. In view of the issues raised in the Mora case and the opinion of this Court disposing of such issues, we must conclude that the holding of the Court was that the mandatory continuance statute did not violate Article 2, § 1 of the Constitution. See, King v. State, 160 Tex. Cr.R.R. 556, 273 S.W.2d 72, 49 A.L.R.2d 1071.

We anticipate that the respondent District Judge will vacate his present order setting the case of State of Texas v. Government Services Insurance Underwriters et al. for trial and grant a statutory continuance therein. Only in the event of a failure to take action as indicated in this opinion will mandamus actually issue.

Mandamus conditionally granted.

## MOTION FOR REHEARING

█ This Court's original opinion adequately disposes of the issues raised by the petition for mandamus and the answer thereto. It was stated in the opinion that questions involving the Fourteenth Amendment to the Constitution of the United States and Article I, Sections 13 and 19, of the Texas Constitution were not raised. They are not effectively raised now despite the Attorney General's attempt to expand his original position in his motion for rehearing. The order of Judge Jones denying Senator Spears' application for a statutory continuance is based solely upon Article II, Section 1, of the Texas Constitution and the record in this Court is not developed so as to support any other constitutional position or contention. The motion for rehearing is overruled.