**CITY OF WEATHERFORD, Petitioner,**

v.

**PARKER COUNTY, et al., Respondents.**

**No. C–9217.**

Supreme Court of Texas.

July 3, 1990.

Rehearing Overruled Sept. 6, 1990.

Walter E. Zellers, Catherine Zellers, Weatherford, for petitioner.

Carole Orth, David F. Chappell, Fort Worth, Bill Kimbrough, Austin, Patrick J. Fleming, Weatherford, for respondents.

OPINION

COOK, Justice.

Article III, section 64(a) of the Texas Constitution states:

The Legislature may by *special statute* provide for consolidation of governmental offices and functions of government of any one or more political subdivisions comprising or located within any county. Any such statute shall require an election to be held within the political subdivisions affected thereby with approval by a majority of the voters in each of these subdivisions, under such terms and conditions as the Legislature may require.

(Emphasis added.) Section 6.26 of the Tax Code is a *general statute* which prescribes procedures by which the voters in any appraisal district may elect to consolidate the assessing and collecting functions of taxing units within the district. The issue before us in this case is whether section 6.26 of the Tax Code conflicts with article III, section 64(a) of the Constitution. We hold that it does.

In accordance with section 6.26 of the Tax Code, the Parker County Commissioners Court conducted an election to consolidate the assessing and collecting functions of all taxing units within the Parker County Appraisal District. Consolidation was approved by a majority of the voters in the district, but not by a majority of the voters in the Weatherford Independent School District, one of the taxing units affected. The Weatherford Independent School District, joined by the City of Weatherford, another affected taxing unit, then filed suit against Parker County and others [1] for a declaratory judgment that section 6.26 of the Tax Code is unconstitutional, and that the election was therefore without effect. The defendants, joined by the State of Texas as an intervenor, opposed the relief sought by the plaintiffs. After trial before the court, the trial court rendered judgment for the plaintiffs, holding, among oth-

er things, that section 6.26 impermissibly exceeds the authority granted to the Legislature by article III, section 64(a) of the Constitution.[2] The court of appeals agreed that section 6.26 conflicts with article III, section 64(a) insofar as it authorizes consolidation of taxing units without the approval of the voters of each unit. Consequently, the court of appeals concluded that the election was not binding upon the Weatherford Independent School District, and affirmed the judgment of the trial court to this extent. However, the court of appeals did not conclude that section 6.26 otherwise conflicted with the Constitution,[3] and held that the election was binding on all of the other taxing units affected. 775 S.W.2d 881.

We agree with the court of appeals that article III, section 64(a) does not permit consolidation of governmental subdivisions without the approval of a majority of voters in each subdivision. Thus, section 6.26 cannot be applied to permit consolidation of taxing units without the approval of a majority of the voters in each unit. The court of appeals correctly concluded that the election here was not binding upon the Weatherford Independent School District.

Parker County and the other defendants in the trial court now join the City of Weatherford in asserting that section 6.26 violates article III, section 64(a) of the Constitution on its face and not merely as applied in this case to the Weatherford Independent School District.[4] They argue not only that the statute impermissibly allows consolidation of the functions of taxing units without the concurrence of a majority of the voters of each unit, but that the statute is not a special statute authorized by the Constitution.

---

1. Included as defendants were the members of the Parker County Commissioners Court, the Parker County Attorney, and the Parker County Assessor–Collector, all in their official capacities.

2. The trial court also held that section 6.26 conflicts with article I, section 16, article VII, section 3–b, and article XI, section 5 of the Constitution.

3. The court of appeals held that section 6.26 does not violate article I, section 16, article VII, section 3–b, or article XI, section 5 of the Constitution. Because we hold that the statute violates article III, section 64(a), we do not address the other constitutional challenges.

4. Defendants' altered legal position is due to changes in the defendant officials elected since this case was filed.

The State acknowledges that section 6.26 of the Tax Code is a general law but argues that article III, section 64(a) is permissive, not exclusive, and that notwithstanding that provision a general statute like section 6.26 of the Tax Code is within the Legislature's broad authority under article III, section 1,[5] and article VIII, section 18.[6] Article III, section 1 simply vests the legislative power of the state in the Legislature. Although the Legislature has plenary power to enact general laws, that power may be limited by other provisions of the Constitution. *See Government Servs. Ins. Underwriters v. Jones,* 368 S.W.2d 560, 563 (Tex.1963). Article III, section 64(a) places such a limitation on statutes concerning the consolidation of governmental offices and functions in counties and political subdivisions. Article VIII, section 18(b) authorizes the Legislature to provide by general statute for appraisals outside a county in specified circumstances, but does not vitiate or conflict with article III, section 64(a). We therefore hold that section 6.26 of the Tax Code is unconstitutional because it authorizes by general statute action which, under article III, section 64(a) of the Constitution, can be authorized only by special statute.

Accordingly, we reverse the judgment of the court of appeals and render judgment that section 6.26 of the Tax Code violates article III, section 64(a) of the Constitution, and that the election which is the subject of this case is without effect.

**5.** "The Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'"

**6.** "A single appraisal within each county of all property subject to ad valorem taxation by the county and all other taxing units located therein shall be provided by general law. The Legislature, by general law, may authorize appraisals outside a county when political subdivisions are situated in more than one county or when two or more counties elect to consolidate appraisal services."