# NO. 12-14-00332-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT C. MORRIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SHERRI MILLIGAN, ET AL,*<br>*APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Robert C. Morris appeals the trial court's dismissal of his suit against Appellees, Sherri Milligan, Bryan Gordy, and Christy Hoisington. He presents four issues on appeal. We affirm.

### BACKGROUND

Morris, an inmate housed in the Texas Department of Criminal Justice (TDCJ), sued Appellees alleging they were responsible for various items of his personal property either being taken or damaged following a lockdown.

Appellees did not file an answer. Morris moved for a default judgment, and the trial court granted the motion. Appellees later filed a motion to set aside the default judgment alleging that the attorney general was not provided the notice required by section 39.001 of the Texas Civil Practice and Remedies Code. They also filed a motion for leave to file an answer. The trial court granted both motions. Appellees then filed a motion to dismiss Morris's suit under Chapter 14 of the Texas Civil Practice and Remedies Code for failure to exhaust administrative remedies. Without holding a hearing, the trial court signed an order dismissing the suit for failure to file an affidavit or unsworn declaration relating to previous filings. This appeal followed.

In his first issue, Morris contends that the trial court erred in setting aside the default judgment pursuant to section 39.001 of the Texas Civil Practice and Remedies Code. He contends that the legislature lacked the authority to enact section 39.001 and, therefore, the trial court erred in determining that section 39.001 applies.

## Section 39.001 and Morris's Argument

Section 39.001 requires that the attorney general be given notice of a party's intent to take a default judgment against another party in a civil case for which Texas Civil Practice and Remedies Code Chapter 104 authorizes representation by the attorney general. TEX. CIV. PRAC. & REM. CODE ANN. § 39.001 (West 2008). Under Chapter 104, the attorney general must defend state employees in lawsuits alleging damages based on certain acts or omissions by those employees. *Id*. §§ 104.001 (West Supp. 2016), 104.002 (West 2011), 104.004 (West 2011). There is no dispute that Appellees and this lawsuit fall within the parameters of Chapter 104.

Morris concedes that he did not send the required notice. However, he argues that the legislature relinquished all of its rulemaking power to the Texas Supreme Court in 1939. According to Morris, the supreme court has since had exclusive rulemaking authority, which the legislature never reclaimed. Therefore, Morris asserts, the legislature lacks the authority to enact procedural statutes like section 39.001. We disagree.

## The Legislature's Rulemaking Authority

Early in Texas history, it was generally recognized that the right to prescribe rules of practice and procedure belonged to the legislature. *Bar Ass'n of Dallas v. Hexter Title & Abstract Co.*, 175 S.W.2d 108, 113 (Tex. Civ. App.—Fort Worth 1943), *aff'd*, 179 S.W.2d 946 (1944). From time to time, however, the legislature relinquished to the supreme court the right to make certain rules. *Id.* Article V, section 25 of the Texas Constitution was the first constitutional source that gave the supreme court the power to create rules of civil procedure. Don Rogers, *Texas Constitutional Aspects of Court Rulemaking*, 35-Oct Hous. Law. 24, 25 (1997); *see* TEX. CONST. art. V, § 25 (1891, repealed 1985). In 1939, the Texas Legislature passed the Rules of Practice Act, which evidenced its intent to relinquish its rulemaking power in "civil judicial proceedings" to the supreme court. *Bar Ass'n of Dallas*, 175 S.W.2d at 113; *see* Act of May 12, 1939, 46th Leg., R.S., ch. 25, § 1, 1939 Tex. Gen. Laws 201 (former TEX. REV. CIV. STAT. ANN. arts. 1731). However, the legislature reserved the right to disapprove any rule that was proposed by the supreme court. *Bar Ass'n of Dallas*, 175 S.W.2d at 113. In 1985, article V, section 25 was

repealed and replaced by article V, section 31 of the Texas Constitution, which enables the legislature to delegate rulemaking authority to the supreme court and the court of criminal appeals. Rogers, *Court Rulemaking*, at 25. The Rules of Practice Act was incorporated into the Texas Government Code as section 22.004. *Id.*

Under section 31, the supreme court has the authority to create "rules of civil procedure for all courts not inconsistent with the laws of the state." TEX. CONST. art. V, § 31(b). And section 22.004 states that the supreme court has "full rulemaking power in the practice and procedure in civil actions." TEX. GOV'T CODE ANN. § 22.004(a) (West Supp. 2016). Section 22.004 further provides that a rule adopted by the supreme court repeals all conflicting laws governing practice and procedure in civil actions. *Id.* § 22.004(c). The rules and amendments promulgated by the supreme court remain in effect "unless and until disapproved by the legislature." *Id.* § 22.004(b).

In interpreting the extent of its rulemaking power, the supreme court has determined that its power is a limited power, subordinate to that of the legislature. *Few v. Charter Oak Fire Ins. Co.*, 463 S.W.2d 424, 425 (Tex. 1971); *Gov't Servs. Ins. Underwriters v. Jones*, 368 S.W.2d 560, 563 (Tex. 1963). The court has also held that statutes dictating judicial procedure do not violate the separation of powers provision of the Texas Constitution. *See Gov't Servs.*, 368 S.W.2d at 567. And if a rule of civil procedure conflicts with a statute, the rule must yield to the statute unless the rule has been passed subsequent to the statute and repeals the statute as provided in section 22.004. *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 298 (Tex. 2011). Consequently, the legislature can impliedly veto a court-made rule by enacting conflicting legislation. Jack Pope & Steve McConnico, *Texas Civil Procedure Rule Making*, 30 Baylor L. Rev. 5, 11 (1978).

The Texas system of rulemaking is one of shared responsibility by both the judiciary and the legislature. Bruce L. Dean, *Rule-making in Texas: Clarifying the Judiciary's Power to Promulgate Rules of Civil Procedure*, 20 St. Mary's L.J. 139, 185 (1988). The legislature will modify substantive law and direct the court to promulgate rules of civil procedure implementing those changes. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 26.001 (West 2015) (directing supreme court to adopt rules to prove for fair and efficient resolution of class actions); *see also* TEX. GOV'T CODE ANN. § 22.004(f), (g), (h) (requiring supreme court to adopt certain rules of civil procedure).

Although the legislature has relinquished its rulemaking authority, it retained the power to enact procedural statutes. *Few*, 463 S.W.2d at 425. These statutes do not violate the separation of powers and reign supreme in a conflict with a rule of civil procedure. *Gov't Servs.*, 368 S.W.2d at

3

567; *Jackson*, 351 S.W.3d at 298. Therefore, the supreme court does not have exclusive authority over procedure in the courts.

## Conflict with Rule 239

Morris also suggests that section 39.001 should not apply because it conflicts with Texas Rule of Civil Procedure 239. Again, we disagree. Rule 239 states that a party may take a default judgment against a nonanswering defendant at any time following the answer's due date, as long as the return of service has been on file the prescribed length of time. TEX. R. CIV. P. 239. Section 39.001 requires that notice of the intent to take a default judgment be sent to the attorney general in specific circumstances. TEX. CIV. PRAC. & REM. CODE ANN. § 39.001. Rule 239 does not contain a notice requirement, and section 39.001 does not modify the time requirements of Rule 239. Therefore, they do not conflict.

## Holding

Because the legislature retained the power to enact procedural statutes, it had the authority to enact section 39.001. Moreover, section 39.001 does not conflict with Rule 239. Therefore, the trial court did not err in applying section 39.001 in this case. Morris's first issue is overruled.

## THE DEFAULT JUDGMENT

In his second issue, Morris argues the trial court abused its discretion when it set aside the default judgment because Appellees waived the attorney general's right to notice under section 39.001.

## Standard of Review and Governing Law

We review the setting aside of a default judgment under an abuse of discretion standard. ***Dir., State Emps. Workers' Comp. Div. v. Evans***, 889 S.W.2d 266, 267 (Tex. 1994). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241-42 (Tex. 1985).

As we discussed in the preceding section, section 39.001 provides that a notice of intent to take a default judgment against a party whom the attorney general is authorized to represent under Texas Civil Practice and Remedies Code Chapter 104 must be mailed to the attorney general no later than the tenth day before entry of the default judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 39.001. Failure to comply with the notice requirement results in the setting aside of the default judgment without costs. *Id.* § 39.002 (West 2008).

**Analysis**

In this case, it is undisputed that Morris did not notify the attorney general of his intent to take a default judgment. He argues, however, that Appellees waived the attorney general's right to notice of his intent by failing to notify the attorney general of the lawsuit. He contends that the attorney general's obligation to represent Appellees does not arise unless they comply with Texas Civil Practice and Remedies Code section 104.005. That section provides that the state is not liable for the defense of a state employee unless the attorney general is served or notified of the suit within ten days of the employee's being served. TEX. CIV. PRAC. & REM. CODE § 104.005 (West 2011). According to Morris, the attorney general does not become counsel for the employee if there is no compliance with section 104.005. And, his argument continues, if the attorney general was not counsel for Appellees because of the lack of compliance, he should not have been required to give notice under section 39.001.

Nothing in section 39.001 limits its notice requirement to suits in which the attorney general is counsel for the party against whom the default judgment is sought. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 39.001. It does not require the attorney general to have previously entered an appearance or to have assumed the defense under Chapter 104. And we decline to impose additional requirements that are not included in the language of the statute. *See **Liberty Mut. Ins. Co. v. Adcock***, 412 S.W.3d 492, 494 (Tex. 2013) (courts should refrain from rewriting text that lawmakers chose).

Because Morris failed to notify the attorney general of his intent to take a default judgment as required by section 39.001, the trial court did not abuse its discretion in setting aside the default judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 39.002. Morris's second issue is overruled.


**VALIDITY OF CHAPTER 14**

In his third issue, Morris argues Chapter 14 was unlawfully enacted. Specifically, he contends the legislature lacked the authority to enact Chapter 14 because it is procedural and, therefore, it should not apply to his lawsuit. In addressing Morris's first issue, we explained that the legislature has the authority to enact procedural statutes. Therefore, Morris's argument to the contrary is without merit. Morris's third issue is overruled.

In his fourth issue, Morris contends the trial court abused its discretion in dismissing his lawsuit under Chapter 14.

**Standard of Review and Governing Law**

We review a dismissal under Chapter 14 for an abuse of discretion. ***Leachman v. Dretke***, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). To determine whether the trial court abused its discretion, we must decide whether a trial court acted without reference to any guiding rules or principles. ***Id.*** In other words, we must determine whether the trial court acted arbitrarily or unreasonably. ***Id.*** We must uphold the lower court's judgment on any legal theory before it, even if the court gives an incorrect reason for its judgment. *See* ***Guaranty Cty. Mut. Ins. Co. v. Reyna***, 709 S.W.2d 647, 648 (Tex. 1986). A court cannot abuse its discretion if it reaches the right result. ***In re Estate of Hutchins***, 391 S.W.3d 578, 585 (Tex. App.—Dallas 2012, no pet.).

Inmate litigation is governed by Chapter 14 of the Texas Civil Practice and Remedies Code. An inmate must exhaust his administrative remedies under the TDCJ grievance system prior to filing suit. TEX. GOV'T CODE ANN. § 501.008(d) (West 2012); *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 2002). If the inmate fails to exhaust his administrative remedies, the trial court has grounds to dismiss the suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2) (West 2002); ***Retzlaff v. Tex. Dep't of Criminal Justice***, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (claim has no arguable basis in law or fact if the inmate failed to exhaust administrative remedies). An inmate must exhaust his administrative remedies with regard to each potential defendant. ***Leachman***, 261 S.W.3d at 311.

**Analysis**

Appellees filed a motion to dismiss under Chapter 14 alleging that Morris failed to exhaust his administrative remedies. The trial court's dismissal order, however, states that Morris failed to attach a declaration of previous filings to his original petition as required by section 14.004. Appellees concede that Morris attached a declaration of previous filings that complied with section 14.004. But they urge that because Morris failed to exhaust his administrative remedies, dismissal was proper.

The TDCJ provides a two-step process for presenting administrative grievances. An inmate has fifteen days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator. Tex. Dep't of Criminal Justice, Offender Orientation Handbook 74 (Sept. 2015), *available at*

6

[http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf](http://www.tdcj.state.tx.us/documents/Offender_Orientation_Handbook_English.pdf). If the inmate is not satisfied with the response to his Step 1 grievance, he may appeal by filing a Step 2 grievance. *Id.*

In his Step 1 grievance, Morris complains that Milligan wrongly confiscated and destroyed some of his property. The grievance does not mention Gordy or Hoisington. In his Step 2 grievance, Morris complains that Gordy did not address all of the claims in his Step 1 grievance. The Step 2 grievance does not mention Milligan or Hoisington.

To satisfy the exhaustion requirement of section 14.005, an inmate must file both a Step 1 and a Step 2 grievance against each defendant. *Leachman*, 261 S.W.3d at 311. In addition, every claim that an inmate brings against a defendant must have been raised in both the Step 1 and Step 2 grievances. *Id.* Morris did not file a Step 2 grievance against Milligan or a Step 1 grievance against Gordy. And he did not file any grievances against Hoisington. Therefore, Morris failed to exhaust his administrative remedies pursuant to section 14.005. *Id.* The trial court did not abuse its discretion in dismissing the lawsuit under Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2); *Retzlaff,* 94 S.W.3d at 653; *Reyna*, 709 S.W.2d at 648. Morris's fourth issue is overruled.

## DISPOSITION

Having overruled Morris's four issues, we *affirm* the trial court's dismissal order.

BRIAN HOYLE
Justice

Opinion delivered September 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 30, 2016

NO. 12-14-00332-CV

**ROBERT C. MORRIS,**
Appellant
V.
**SHERRI MILLIGAN, ET AL,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349-6270)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of dismissal of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **ROBERT C. MORRIS,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*